MASON et al. v. UNITED STATES.

(District Court, S. D. Florida. December 15, 1926.)

No. 363 E.

Internal revenue ⬤=8(11)—Transfer of property by decedent to his wife four years prior to his death held not made in contemplation of death (Revenue Act 1918, § 402, subd. [c], being Comp. St. § 6336¾c).

Transfer of shares in an unincorporated company by decedent to his wife four years prior to his death, *held* absolute, and not made in contemplation of death, within Revenue Act 1918, § 402, subd. (c) being Comp. St. 6336¾c, but to have vested the beneficial interest in her at once, and such interest *held* not subject to tax as a part of decedent's estate.

At Law. Action by Thomas J. Mason and George H. Mason, administrators, against the United States. Judgment for plaintiffs.

J. T. G. Crawford, of Jacksonville, Fla., for petitioners.

William M. Gober, U. S. Atty., of Tampa, Fla., Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and Wm. T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

CALL, District Judge. This cause comes on for final hearing upon the petition of the administrators cum testamento annexo of the last will of Harry Mason, deceased, the answer of the government, and the testimony and exhibits.

The petition alleges the death of Harry Mason testate, November 5, 1919; the appointment and qualification of Bessie Mason as executrix; the death of Bessie Mason and the appointment of petitioners as administrators with the will annexed; that the executrix duly filed final return with the collector of revenue of the property of the estate; that included in said return is the interest of Harry Mason in the Mason Hotel Companies, an unincorporated business, of the true value of $329,635.16; that said interest is represented by 1,000 shares out of a total of 1,500; that the sum of said schedule was increased by the proper officers, by adding thereto a sum equal to the determined value ($168,114.85) of the remaining 500 shares of Mason Hotel Companies, upon the ruling by said officers that said 500 shares had been disposed of by Harry Mason in contemplation of death and/or to take effect in possession at the death of said Harry Mason, within the intent and meaning of subdivision (c)

of section 402 (section 6336¾c, Compiled Statutes) of the act of Congress; that the estate tax assessed by the Commissioner of Internal Revenue was the sum of $21,030.34, whereas the true amount of said tax was $11,795.63; that the tax, together with interest thereon, was paid to the collector of internal revenue on January 5, 1925, amounting to $26,287.93; that said 500 shares were given absolutely to said Bessie Mason by said Harry Mason, and possession thereof delivered, on November 10, 1915, and thereafter until her death she enjoyed full and absolute ownership thereof; that petitioners are entitled to recover $9,234.71, with interest thereon from November 20, 1920. The petition then alleges the proceedings required to authorize a recovery and that the then collector of internal revenue is no longer such collector.

The respondent answered, admitting the return by the executrix; that the value of the 500 shares was added to the estate by the Commissioner, on the ground that said 500 shares had been transferred to Bessie Mason in contemplation of death, within the meaning of section 402 of the act; that the assessment of the tax was made and fixed at $21,030.34; but denies that the correct tax was $11,793.63, as alleged in the petition; admits that the value of the 500 shares was fixed at $168,114.85, and that amount was added to the gross estate; admits the payment on January 5, 1925, of the tax assessed by the Commissioner. The answer then avers that the 500 shares were transferred by decedent in contemplation of death, within the meaning of the section of the act; admits the character and appointment of the petitioners; admits filing claim and procedure under it, but denies petitioner's right to recover. The answer then proceeds to set up certain matters as res adjudicata, but upon the hearing this defense was abandoned.

This proceeding is under the Tucker Act (Compiled Statutes, § 1576), and the court must make specific findings of fact and conclusions of law. The testimony shows this state of facts, which I find from the testimony:

Harry Mason, the owner of the Hotels Mason and Arragon, had been ill and debts had accumulated on said properties, and in 1915, in order to provide for the payment of these debts, a deed was executed to five persons, as trustees, conveying the properties. This deed was executed by Harry Mason, joined by Bessie Mason, his wife, relinquishing her dower rights in the proper-

ties. At the same time an agreement was executed by the five trustees and Harry and Bessie Mason, setting out the purposes of the trust, organizing the Hotel Mason Companies (not incorporated), and for the purpose of defining the interest of the subscribers and assigns in the property of the trust and business conducted thereunder, in which the total number of shares were to be 1,500. The agreement further provided that these shares should be transferable by an appropriate instrument in writing, the surrender of the certificate, and record upon the books of the trustees. It also provided that the first meeting of the shareholders for the election of trustees should be held the first business day of. the year 1919, and also for calling special meetings by a majority of the shareholders, and that the shareholders should have one vote for each share held; that these shares should be personal property; that the death of a shareholder should not determine the trust, nor entitle the representative of a deceased shareholder to an accounting, but that executors, administrators, or assigns of a deceased shareholder shall succeed to the rights of the decedent; that the ownership of shares shall not be vested with any title in the trust property or right to call for partition of same or an accounting. It also provided for the amendment of the agreement and declaration of trust, by the holders of at least two-thirds of the shares then outstanding; that the trust should continue for 27 years; and it also provides the power to trustees to sell the corpus of the property and divide the proceeds.

I further find as a fact that Bessie Mason was the wife of Harry Mason, and by the deed executed by her relinquished her dower and right of dower in and to the real estate granted to the trustees November 5, 1915; that 500 shares were issued to her, and vested in her on the date of issue, and continued so vested in her until the death of Harry Mason. I further find that the transfer of the 500 shares was not made by Harry Mason to Bessie Mason in contemplation of death, as provided in section 402, subd. (c), of the act.

From these facts I find as a matter of law that the 500 shares in the Mason Hotel Companies were not taxable as a part of the estate left by Harry Mason at his death, and the correct tax against said estate was $11,795.63, and that petitioners are entitled to recover in this action.

A judgment may be prepared pursuant to above findings.