### UNITED STATES v. BANKS, Jr.

*(District Court, S. D. New York.   July 16, 1883.)*

1. DEED OF GIFT FROM TESTATOR TO DEVISEE—VALUABLE CONSIDERATION.
     A devisee, prior to the testator's death, has no present estate or recognizable legal interest in the property devised; and a deed from the testator to the devisee, which is a charge against his future expected interest only, cannot be deemed given or received upon any valuable or adequate consideration.
2. SAME—ADVANCEMENT—SUCCESSION TAX—ACT OF JUNE 30, 1864, § 132.
     A deed of gift to a son, though made as an advancement, and, as such, chargeable against the son's ultimate share of the father's estate under a will existing at the time of the deed, is a "succession," under section 132 of the act of June 30, 1864, as a conveyance without "valuable and adequate consideration," and is chargeable with a tax of 1 per cent. on the value of the property conveyed.

At Law.

*Elihu Root*, U. S. Atty., and *W. W. Adams*, Asst. U. S. Atty., for plaintiff.

*E. Ellery Anderson*, for defendant.

BROWN, J.   This action is brought under the act of June 30, 1864, to recover the sum of $120, as a succession tax of 1 per cent. upon a lot of land of the agreed value of $12,000, conveyed by David Banks, senior, to his son, the defendant, in February, 1869.   In 1865 the grantor had executed his will, in which he made certain legacies to equalize his prior gifts among his four sons.   The will further declared that "all advances which may hereafter be made to either of my sons shall be charged against such son as an advance, and shall

bear interest from the time he shall receive the same." Subsequently, in 1869, the testator designed to make a present gift of a lot to each of his four sons. The deed to the defendant was made and delivered in part execution of that intention. For some reason, which does not fully appear, the other three sons did not obtain any deed of the lots designed for them, and the testator died in September, 1871, leaving his will unchanged. In the mean time, the law imposing a succession tax was repealed. The defendant, in the settlement of the estate, accounted to his three brothers for the value of the lot in question as an "advance" under the will.

Upon these facts the defendant contends that the conveyance was not without a full valuable consideration, inasmuch as by reason of the grantor's intention to make an equal gift to his four sons alike, which was only in part executed, the deed became an "advance" under the will, and as such was, from the moment of its delivery, a charge upon the defendant's expectancy under his father's will to the full value of the lot conveyed.

The clause in the will above quoted relating to "advances" would seem from the context, and the provision relating to interest, to have been drawn in reference to advances of money. *Chase* v. *Ewing,* 51 Barb. 597. Though there is some difficulty, therefore, in bringing this conveyance within the literal reading of the will, still it is within its equitable intention. Conceding this point, however, I think it is not sufficient to relieve the defendant from the tax imposed by the act. Section 132, in defining a taxable succession, includes any "deed of gift or other assurance of title made without valuable or adequate consideration;" and a similar tax was imposed upon a succession by devise. At the time the deed was executed the defendant had no proprietary interest whatever in the property of his father. He had no "expectancy"—*i. e.,* no expectant estate therein—in the sense of our statutes. N. Y. Rev. St. 723, 725. A will speaks only from the testator's death; and in this case his death was two years afterwards. Until then the defendant had no recognizable interest in his father's property, either legal or equitable. He had no vested or contingent estate therein, but only a mere possibility of an interest. This possibility, though the possible subject of a contract which might be enforced in equity after the testator's death, (*Beckley* v. *Newland,* 2 P. Wms. 182,) was not assignable so as to convey any interest in the estate, nor a subject of a present conveyance or of any present charge. *Jackson* v. *Waldron,* 13 Wend. 178; *Munsell* v. *Lewis,* 4 Hill, 635.

The "valuable and adequate consideration" referred to in section 132 must be held to mean either money paid, or some present legal interest or estate parted with or charged, or services rendered, to the value of the property received. *U. S.* v. *Hart,* 4 FED. REP. 293. Here no money was paid, nor had the defendant any present right, interest, or estate, in contemplation of law, upon or against which

.the .conveyance at the time it was made could be a legal charge. The deed was in law, therefore, a pure gift, although it might, and did, result ultimately in diminishing the devise to the defendant under the will. This devise was also a gift, which would have been subject to the like succession tax had the law not been repealed. As an "advance" the deed was a gift, and none the less so because a subsequent gift by devise was thereby made so much the less. As the defendant, on receiving this deed, parted with no present valuable interest recognizable in law, and was not in consequence of the deed subsequently deprived of anything to which or in which, at the time the deed was made, he had any legal interest, right, or property, the deed must be held to be within the statutory definition of a succession; and judgment is, therefore, ordered for $120, with interest and costs.