JOSEPHINE LONG, Appellant, vs. JOHN M. BARTON et al. Exrs., Appellees.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

HUSBAND AND WIFE—*when wife's acceptance of money under a divorce decree waives claim to dower under ante-nuptial contract.* An ante-nuptial contract whereby the intended wife agrees to accept a certain sum of money in lieu of dower is not an unconditional promise to pay such sum at all events but to pay in lieu of dower, and if the wife accepts the provisions of a divorce decree giving her a less sum in full satisfaction of her contingent right to dower the provisions of the ante-nuptial contract are waived and the divorce decree controls.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

MABIN & MORRIS, for appellant.

J. B. MANN, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District reversing, without remanding, a judgment of the circuit court of Vermilion county.

The facts, which are not in dispute, are as follows: On October 1, 1901, appellant, Josephine Long, and Philip H. Barton, in contemplation of a marriage thereafter to be celebrated between them, entered into the following ante-nuptial contract:

"*Know all men by these presents,* that I, Philip H. Barton, of Danville, Vermilion county, Illinois, hereinafter known as the party of the first part, and Miss Tonie Long, of the city of Danville, county of Vermilion, State of Illinois, hereinafter known as the party of the second part:

"*Witnesseth:* That the said party of the first part, for and in consideration of the second party being joined with the first party in wedlock, and after said marriage said first party hereby agrees that said second party shall after his death have, in lieu of dower, have the sum of $5000, to be paid out of the estate of the said first party after all just debts and funeral expenses of the said first party have been paid. Second party agrees, in consideration of said $5000 to be paid as above recited, agrees to relinquish and waive all her dower rights of the estate of the said first party that may accrue to her by reason of the marriage of the said first party to the said second party under the laws and statutes of the State of Illinois.

"Witness our hands and seals this first day of October, 1901.

PHILIP H. BARTON, (Seal.)
TONIE LONG.          (Seal.)"

On the day following the execution of this contract the parties thereto were married. They lived together as husband and wife until 1904, when appellant obtained a divorce from her husband in the circuit court of Vermilion county on the charge of extreme and repeated cruelty. By the decree appellant was allowed $2000 as a gross sum in full of all of her claim in and to the property of her husband. The

payment of the $2000 to appellant was directed to be made upon the execution and delivery to her husband of a quit-claim deed releasing all her interest in the real estate of her said husband. It was further provided in said decree: "The payment of the said sum of $2000 by defendant to complainant shall also be considered as in lieu of and in full satisfaction of complainant's contingent right of dower and all other rights in the lands and tenements of defendant now owned by him and by him hereafter acquired." The appellant accepted the $2000 awarded her by the decree. Philip H. Barton died testate, and appellees, John M. Barton and Charles L. English, were appointed executors of his will. Appellant, claiming that she was entitled to receive the $5000 named in the ante-nuptial contract, filed a claim against the estate of Philip H. Barton for that sum. The county court of Vermilion county allowed said claim, and upon an appeal to the circuit court by the executors the same result was reached. The Appellate Court, as already indicated, reversed the judgment of the circuit court and refused to remand the cause, and it is this latter judgment that appellant seeks to have reviewed by this appeal.

By her acceptance of the $2000 under the provisions of the divorce decree appellant must be held to have waived her right to dower in her husband's lands. The ante-nuptial contract is not an unconditional promise to pay $5000, but it is to be paid in lieu of dower. If appellant had died before her husband, all rights under the ante-nuptial contract would have been extinguished. The effect of the ante-nuptial contract was to substitute a sum of money for appellant's right of dower in her husband's land. Anything that would extinguish her right of dower would extinguish that which by agreement was substituted in its place. This rule has been recognized in the following decisions of this court: *Clark* v. *Lott*, 11 Ill. 105; *Jordan* v. *Clark*, 81 id. 465; *Lennahan* v. *O'Keefe*, 107 id. 620; *Adams* v. *Storey*, 135 id. 448. In the last case cited it was

held that the right to dower was barred by an annuity given for life in a divorce decree which makes the annuity a lien and charge upon the husband's real estate, where the wife has taken her support and maintenance under the decree. Appellant having accepted the provisions made for her by the decree in lieu of dower, must be held to have abandoned all claim to that which, under the contract, represented her dower.

The judgment of the Appellate Court for the Third District is affirmed.     *Judgment affirmed.*