THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE ESTATE OF MARSHALL FIELD *et al.* Appellees.

*Opinion filed December 21, 1910—Rehearing denied Feb. 9, 1911.*

INHERITANCE TAX—*amount due widow under ante-nuptial contract in lieu of dower cannot be deducted from value of the estate.* The amount due the widow under an ante-nuptial contract, and payable to her as a substitute for and in lieu of dower and all other interest she might have as widow, and payable only upon the condition that she should survive the husband, must, for the purpose of the inheritance tax, be considered the same as dower and not as an indebtedness of the estate, to be deducted from the market value of such estate in determining the inheritance tax.

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

W. H. STEAD, Attorney General, ROY WRIGHT, and WALTER K. LINCOLN, for the People:

The fact of the marriage and the intestate laws—not the ante-nuptial contract—created all dower and other inheritable rights of the parties. Dower cannot be barred, limited, measured or released until created, the law casting upon both parties, without any act on their part, all rights accruing by said marriage. *Jordan* v. *Clark,* 81 Ill. 465; *Clark* v. *Lott,* 11 id. 105; *Adams* v. *Storey,* 135 id. 448; *Tyson* v. *Postlethwaite,* 13 id. 728.

Such dower and other inheritable rights, primarily fixed by the marriage, were limited, fixed in value and measured

by the ante-nuptial contract. Heirship and dower rights are created by law—not by contract. *Jordan* v. *Clark*, 81 Ill. 465; *Clark* v. *Lott*, 11 id. 105; *Adams* v. *Storey*, 135 id. 448; *Hudnall* v. *Ham*, 183 id. 486.

Dower is taxable under the inheritance tax laws of Illinois. *Billings* v. *People*, 189 Ill. 472.

Dower, or any provision in lieu thereof, is not taxable under the inheritance tax laws of New York. McElroy on Transfer Tax, (2d ed.) 96; *Matter of Rieman*, 87 N. Y. Supp. 731; *Matter of Baker*, 178 N. Y. 575.

The ante-nuptial contract was a method of admeasurement of dower substituted by the parties for the method provided by the law for determining the same. The succession to or taking of said sum is subject to taxation under the inheritance tax laws of this State in force at the time of the death of decedent. *Billings* v. *People*, 189 Ill. 472; *Jordan* v. *Clark*, 81 id. 465; *Adams* v. *Storey*, 135 id. 448; *Clark* v. *Lott*, 11 id. 105; *Long* v. *Barton*, 236 id. 551.

WILSON, MOORE & McILVAINE, for appellees:

The Inheritance Tax act cannot be given effect so as to include anything which cannot be properly classed and described either as a gift, a legacy or an inheritance. *People* v. *Mellen*, 32 Ill. 181; *People* v. *Protestant Deaconesses*, 71 id. 229; *Hogan* v. *Akin*, 181 id. 453; *Weber* v. *Mick*, 131 id. 532; *Railway Co.* v. *Lake View*, 105 id. 207.

A promise by a man in an ante-nuptial contract that his wife should be paid a sum of money in the event she survives him creates a legal claim against his estate, upon which his widow can recover by a suit against his estate or his representatives. *Christy* v. *Marmon*, 163 Ill. 225; *Estate of Baker*, 178 N. Y. 575; *Vogel* v. *Vogel's Admr.* 22 Mo. 161; *Otis* v. *Spencer*, 102 Ill. 632; *Hudnall* v. *Ham*, 183 id. 486; *Garth* v. *Lyons*, 118 id. 374; *McGee* v. *McGee*, 91 id. 548.

An inheritance is property which passes under statutes disposing of intestate estates. During the husband's lifetime the legislature might so change the statutes of Illinois as to deprive his widow of any interest in his estate, but the legislature could not deprive her of the right to claim what is due her out of such estate under a marriage settlement, and legislation which attempted so to do would be void, as an attempt to impair the obligation of a contract.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by the People from the judgment of the county court of Cook county in an inheritance tax proceeding in the estate of Marshall Field. The county court held that $1,000,000 paid to his widow, Delia S. Field, according to the provisions of an ante-nuptial contract was not subject to an inheritance tax, and that amount was deducted from the value of the estate before fixing the inheritance tax.

Marshall Field and Delia S. Caton were married September 5, 1905. Prior to their marriage, and in contemplation thereof, they entered into an ante-nuptial contract, by which it was agreed, among other things, that if Mrs. Field survived her husband she should receive $1,000,000 out of the property and estate of Marshall Field in satisfaction of all claims, demands and rights which she might otherwise have in and to the property or estate of her husband as his widow. Marshall Field died in January, 1906, leaving Delia S. Field surviving him as his widow. She presented a claim in the probate court for $1,000,000 based on the ante-nuptial agreement, which was allowed and paid to her by the executors of the estate of Marshall Field.

Counsel for the appellant contend that "the ante-nuptial contract was a method of admeasurement of dower, substituted by the parties for the method provided by law for determining the same, and said $1,000,000 was paid to and

received by Delia S. Field, widow, as the full amount of her dower and other rights of inheritance." Counsel for the appellees contend that the right of Mrs. Field to the $1,000,000 did not vest in her by virtue of the intestate laws of the State of Illinois, but "was a legal debt due to her under a valid contract made upon a valuable consideration and was not an inheritance."

Whatever may have been decided in other jurisdictions, it is settled in this State that dower, less the exemption provided by statute, is subject to the inheritance tax. (*Billings* v. *People,* 189 Ill. 472.) It would seem logically to follow that if the provision made for Mrs. Field in the ante-nuptial contract was in lieu of and a substitute for her dower and other rights she would have had in the estate of Marshall Field as his widow, it would also be subject to the inheritance tax. This court said in *Billings* v. *People, supra:* "It will be noticed that neither dower, nor any provision made in lieu of dower, is exempted."

In *Long* v. *Barton,* 236 Ill. 551, the court had under consideration a claim filed by the divorced wife on an ante-nuptial contract, against the estate of her former husband, who died testate. By the ante-nuptial contract Philip H. Barton agreed that Tonie Long, with whom he contemplated marriage, should upon his death receive out of his estate, in lieu of dower, the sum of $5000, and Tonie Long agreed to accept that sum and relinquish all her dower rights in the estate of Barton that might accrue to her, by reason of marriage, under the laws of the State of Illinois. The parties married, but afterwards the wife procured a divorce from her husband on the charge of extreme and repeated cruelty. In the divorce case she was awarded $2000 in lieu of and in full satisfaction of her contingent right of dower and of other rights in the estate of her husband. The $2000 was paid to her and afterwards Barton died testate. The divorced wife filed a claim against his estate for $5000 mentioned in the ante-nuptial contract.

This court held she was not entitled to an allowance of the claim, and said (p. 553): "The ante-nuptial contract is not an unconditional promise to pay $5000, but it is to be paid in lieu of dower. If appellant had died before her husband all rights under the ante-nuptial contract would have been extinguished. The effect of the ante-nuptial contract was to substitute a sum of money for appellant's right of dower in her husband's land. Anything that would extinguish her right of dower would extinguish that which by agreement was substituted in its place."

The ante-nuptial contract before us was not an unconditional promise to pay Mrs. Field $1,000,000 in consideration of her marrying Marshall Field. The contract recites that marriage was contemplated between the parties, and they being desirous of making a settlement of their respective rights in the property of each other, entered into a contract for that purpose. It was agreed that each would retain control of his or her separate property, or property that they should acquire, respectively, after the marriage, and the contract provides that if Mrs. Field should survive her husband she should have and receive out of his property and estate $1,000,000, "which shall be received by her in lieu of and in full satisfaction of any and all claims, rights and interests and demands which she might have or claim in and to the property and estate of the said party of the first part [Marshall Field] under or by virtue of the laws of the State of Illinois or of any other State or country, it being agreed between the parties hereto that the said sum so agreed to be paid to the said party of the second part out of the property and estate of the said party of the first part shall satisfy all the claims, demands and rights which the said party of the second part might otherwise have in and to any of the property or estate of the said party of the first part as his widow." By the plain language of the contract the $1,000,000 was to be paid to and accepted by Mrs. Field if she survived her husband as his

widow, as a substitute for and in lieu of dower and all other rights she would be entitled to, as widow, under the law. Its payment to her was conditional upon her surviving her husband as his widow. If she had died before her husband the liability of his estate upon the ante-nuptial contract would have been extinguished, or if the marriage had been dissolved by divorce for her fault, her right under the ante-nuptial contract would have been terminated. *Clarke* v. *Lott,* 11 Ill. 105; *Jordan* v. *Clark,* 81 id. 465.

In the last cited case Clark entered into an ante-nuptial contract with Mary Jordan, by which she was to receive out of his personal estate $2000 in lieu of all dower, distributive share and allowances of all kinds out of his estate, and she relinquished all right of dower and distributive share in Clark's estate. The marriage was subsequently consummated and the parties lived together about two years, when the wife left her husband, and he afterwards obtained a divorce from her on the ground of desertion. Upon his death the divorced wife filed a claim against his estate for the $2000 mentioned in the ante-nuptial contract. The claim was disallowed and she brought the case to this court by appeal. The judgment of the lower court was affirmed, this court holding that the contract was to be treated as a provision made for the wife as a substitute or equivalent for dower. The court said (p. 467) : "The argument is, the divorce operates only upon those rights and obligations created by law and given to or cast upon the parties by law in consequence of the assumption of the relation of husband and wife, and hence has no effect whatever upon the rights and obligations created by or dependent upon a contract of the parties. The difficulty is not so much in the logic of the argument as in the want of application to this case. The error consists in the assumption the husband by the contract took upon himself the relation and obligation of a debtor to his intended wife. The contract will not admit of this construction."

It appears to us that no reasonable construction can be placed upon the language of the ante-nuptial contract in this case other than that the $1,000,000 for Mrs. Field, if she survived her husband as his widow, was a substitution for her dower and all other rights she would otherwise have been entitled to in his estate. That it was competent for the parties, by contract, to agree upon an amount the widow should receive in lieu of the right she was entitled to under the law is not the subject of controversy, and that such an agreement constitutes a liability of the estate cannot be denied, but when so made as a substitution for and in lieu of dower and other rights, it must, for the purpose of the inheritance tax, be treated the same as dower would be, and is not to be considered as an indebtedness, to be deducted from the market value of the estate. In the *Billings case* the widow renounced the provisions made for her in the will of her husband and elected to take under the statute. It was there contended that the Inheritance Tax act, which is the same act that governs this case, did not apply to property that passed to the widow as dower, but the court held that neither dower, nor any provision made in lieu of it, could be exempted from the market value of the estate in fixing and determining the inheritance tax.

If we are correct in the construction we have placed on the ante-nuptial agreement, it necessarily follows, then, that the $1,000,000 received by Mrs. Field is not exempt. Illustration is not necessary to show that any other rule would enable parties desiring to do so, to in a measure defeat the object and purpose of the statute.

In our opinion the county court erred in deducting the $1,000,000 provided for in the ante-nuptial contract from the market value of the estate in fixing and determining the tax. The judgment is therefore reversed and the cause remanded, with directions to the county court to proceed and render judgment in accordance with the views herein expressed.          *Reversed and remanded, with directions.*