**BURNET, Com'r of Internal Revenue, v. MOORE COTTON MILLS CO.**

No. 3052.

Circuit Court of Appeals, Fourth Circuit.

April 13, 1931.

William Cutler Thompson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, both of Washington, D. C., on the brief), for petitioner.

James Craig Peacock, of Washington, D. C. (John W. Townsend, of Washington, D. C., on the brief), for respondent.

Before NORTHCOTT, Circuit Judge, and McCLINTIC and COLEMAN, District Judges.

WILLIAM C. COLEMAN, District Judge.

The question here presented, which arises upon a petition to review the action of the Board of Tax Appeals, is whether, under the Revenue Act of 1921, § 204 (b), (42 Stat. 227, 231), in determining the net income of a tax payer for the second succeeding year following a net loss, for the purpose of applying the $2,000 credit provision of section 236 (b) of the same act, the unapplied balance of the net loss is to be treated as a deduction in computing such net income,

or whether it is available only as a credit to be applied against such net income.

The sections of the Revenue Act of 1921 above referred to are the following:

"Sec. 204. * * * (b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

"Sec. 236. That for the purpose only of the tax imposed by section 230 [the tax on corporate income] there shall be allowed the following credits: * * *

"(b) In the case of a domestic corporation the net income of which is $25,000 or less, a specific credit of $2,000; but if the net income is more than $25,000 the tax imposed by section 230 shall not exceed the tax which would be payable if the $2,000 credit were allowed, plus the amount of the net income in excess of $25,000. * * * "

The Board of Tax Appeals found the following facts, concerning which there is no dispute: The taxpayer is a corporation with principal offices at Lenoir, N. C. The taxpayer suffered a net loss of $21,321.08 in 1921. In 1922 it had a taxable net income of $2,368.45, which was offset by an equal amount of its net loss in 1921. In 1923, its taxable net income (as corrected by the Commissioner of Internal Revenue) was determined to be $28,522.25, against which the commissioner treated the unapplied remainder of the net loss for 1921, that is $18,952.63, merely as a credit. The taxpayer, however, contended that in computing its taxable income for 1923 this item must be deducted from its gross income before its net income could be determined in accordance with the provisions of the law; that the net income so determined was $9,569.62, and since that amount was less than $25,000, it was entitled to the specific credit of $2,000, as provided in section 236 (b) of the Revenue Act of 1921.

The Commissioner of Internal Revenue having denied the taxpayer the benefit of such deduction, a deficiency of $243.59 result-ed. Upon petition for redetermination, the Board of Tax Appeals reversed the commissioner, and entered judgment for the taxpayer, holding that there was an overpayment for the year 1923 in the amount of $6.41. From this decision the commissioner petitioned for review.

A distinct difference is to be noted in the language employed in section 204 (b) in applying the net loss to the net income for "the succeeding taxable year," and in applying it to the net income for "the next succeeding taxable year." That is to say, for the second year, the law provides that such loss "shall be deducted from the net income of the taxpayer," whereas, for the third year the law provides that any excess of the loss remaining after it has been applied against the net income of the second year "shall be allowed as a deduction in computing the net income for the next succeeding [the third] taxable year." The Commissioner of Internal Revenue has interpreted this language to mean that with relation to both the second and third year's net income, merely a credit of the prior net loss is to be allowed, and not a deduction, with the result that in the present case respondent is thereby denied the benefit of the specific credit provision of section 236 (c). See Treasury Department Regulations 62, article 1602, although it appears that under a similar provision of the Revenue Act of 1918 (40 Stat. 1061), the regulation was to the contrary (Treasury Dept. Regulations 45, article 1603).

The Board of Tax Appeals has consistently followed the position now taken by the commissioner with respect to the second taxable year's income, Chicago Nat. C. v. Commissioner, 5 B. T. A. 614; Appeal of S. W. Bridges & Co., 4 B. T. A. 750; Oak Grove & Georgetown R. R. Co. v. Commissioner, 6 B. T. A. 661; Alderman, Fairchild Co. et al. v. Commissioner, 17 B. T. A. 390; and this the taxpayer does not dispute. But with the commissioner's interpretation with respect to the third taxable year's income, the Board of Tax Appeals refused to agree, saying: "We find no ambiguity in either the first part or in any part of section 204 (b) of the Act of 1921. On the contrary, its provisions seem to us to be as clearly specific and unmistakable as it is possible to express them. Without doubt the Commissioner is endowed with the power to make and enforce regulations that shall carry out the clear intent of the words of this section, but equally the power given in the section does not imply that he has any authority to make or enforce any regulation that alters, or even modifies,

that clear intent, and it would be without effect even though that were the implication. The power of Federal legislation lies solely in Congress, and in our opinion that part of the regulation of the Commissioner which we have italicized and which provides that the excess of the net loss over the net income of the second year 'shall be carried over and credited against the net income for the next succeeding (third) taxable year' where Congress has clearly provided that 'the amount of such excess *shall* be allowed *as a deduction in computing the net income* for the next succeeding taxable year,' is an erroneous construction of that Act and goes beyond the power delegated to the Commissioner. We do not know whether it was the intent of Congress to provide that the deductions permitted, under certain circumstances, for the second and third years should be similarly applied; but we do know that such is not the effect of the language used in section 204 (b) of the Revenue Act of 1921; and that it is not within the power of the Commissioner so to construe and apply the widely differing provisions therein contained. The rule has been so well settled that it seems unnecessary further to discuss it or to cite authorities.

"In what we have said above, we are not unmindful that the conclusion we reach differs from our decision in Eastern Building Corporation v. Commissioner of Internal Revenue, 16 B. T. A. 138. There was no appearance for the petitioner in that case. The distinction now made in the language of the Act was not then pointed out. The decision in the Eastern Building Corporation Case, supra, is overruled.

"We find in the instant case that the petitioner's net income for 1923 was less than $25,000, and that it is therefore entitled to the specific credit of $2,000 under the provisions of section 236 (b) of the Revenue Act of 1921."

 We believe the above conclusion of the board, and the reasoning upon which it is based, to be sound, and feel that little need be added to what the board has said. We are not unmindful of the firmly established principle of statutory construction that, in the event of a literal construction of an act of Congress leading to a result grossly absurd, such construction shall yield to the reasonable intent. Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. ——. But we do not concede that there is in fact any real ambiguity, much less that the result here produced is absurd, albeit there may be no sound

reason for saying that while net loss shall not be an item in the computation of net income for the first succeeding year, it shall be in the computation of net income for the second succeeding year. Whatever the undisclosed reason, the statute does make the distinction by the very language employed. It thus seems to us that there is scarcely more justification for torturing the language of one clause in the statute than for doing the same thing with respect to the other clause. That is to say, it would appear to be about as logical to contend that uniformity should be produced by construing the statute so as to allow deductions with respect to both years, as by construing it so as to allow merely credits for both years.

 We are also not unmindful of the well-established doctrine that regulations made by the Commissioner of Internal Revenue, in respect to the assessment and collection of taxes, have the force and effect of statutes, if made with the approval of the Secretary of the Treasury, and pursuant to statutory authority. Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297; Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457. But in the present instance, we believe that the commissioner exceeded his authority under the statute. Also, should we assume ambiguity to exist in the phraseology, in construing a tax statute of this kind, any such ambiguity should be resolved in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; U. S. v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; Reinecke v. Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

Lastly, if further support were needed for the conclusion here adopted, it is to be found in the form in which section 204 (b) of the Act of 1921 was redrafted in the Act of 1924 (section 206 (b), and carried into each subsequent act. That redraft is as follows: "If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year') and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section

called 'third year'); the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the Secretary." (43 Stat. 260 and 44 Stat. 17 [26 USCA § 937 (b)]; section 117 (b), 45 Stat. 825 [26 USCA § 2117 (b)]).

As a result of this redrafting, the Treasury Department has redrafted its Regulations and has ever since construed section 204 (b), as thus amended, to allow the net loss to be treated as a deduction, in computing the net income for both the second and third years. See Regulations 65, article 1622; Regulations 69, article 1622; Regulations 74, article 652. Since the amendment incorporated, with respect to the application of the net loss to both the second and third years, the same language that was used in the 1921 act with respect to the application of the net loss to the third year, and since thereafter the Treasury Department has applied exclusively the rule here contended for by the taxpayer, the commissioner's present position is at least inconsistent and without persuasive force.

For the aforegoing reasons, we find no error in the decision of the Board of Tax Appeals, and the same is accordingly affirmed.