**EMPIRE TRUST CO. et al. v. COMMIS-SIONER OF INTERNAL REVENUE.**
No. 4230.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1938.

H. Cecil Kilpatrick, of Washington, D. C. (Albert F. Hillix and Gage, Hillix, Hodges & Cowherd, all of Kansas City, Mo., and Underwood, Mills & Kilpatrick, of Washington, D. C., on the brief), for petitioners.

W. Croft Jennings, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals. The petition was filed by Empire Trust Company, Levis A. Hamilton, and Alexander Hamilton, executors of the estate of Levis C. Hamilton, deceased, here referred to as the petitioners. The opinion of the Board, handed down in April, 1937, is reported in 35 B.T.A. 866.

This review involves estate taxes in the sum of $3,892.88, assessed against the estate of the decedent, Levis C. Hamilton, who died April 27, 1931.

There is no dispute as to the facts. On September 30, 1924, the decedent, then sixty-seven years of age and possessed of personal property worth about $1,000,000, entered into an antenuptial agreement with Katherine W. Bonnie, whom he later married, and who possessed a substantial estate of her own. The agreement, in effect, provided that in consideration of the marriage and of the mutual agreements therein set forth, each of the parties should retain title and control of each separate estate, free of interference by the other, with an untrammeled right of disposition, and that each renounced all rights of inheritance, descent, dower, or curtesy, or maintenance, or other statutory rights in the estate of the other. The agreement further provided that in the event the future wife should survive the decedent, she should be paid the sum of $50,000 in further complete extinguishment of all claims given by law and waived by the agreement. Decedent left a will which provided in part as follows:

"I give and bequeath to my beloved wife, Katherine W. Hamilton, the sum of Fifty Thousand and no/100 Dollars ($50,000.00) in cash, said sum being the amount specified in a certain written antenuptial agreement."

Shortly after Levis C. Hamilton died Mrs. Hamilton made demand upon the estate for the $50,000. The executors prevailed upon her to refrain from insisting upon payment as such would entail the sale of securities of the estate at a considerable discount. She agreed, instead, to accept the sum of $3,000, being interest at 6 per centum on the sum due her, in consideration of her release of the executors from further payments under the antenuptial agreement for one year.

At the termination of the year's period of grace, Mrs. Hamilton received the $50,000 partly in property, partly in cash, in conformity with the antenuptial agreement and the will.

In the estate tax return the executors deducted from the gross estate the $50,000 provided for in the antenuptial contract. The Commissioner disallowed this deduction.

To test the question, the executors took an appeal to the Board of Tax Appeals which, after handing down a well-considered opinion, entered a decison for the Commissioner. This petition for review resulted.

The question involved is whether, for purposes of taxation, the amount paid decedent's widow was deductible from the gross estate of the decedent.

The applicable statutes are sections 301 (a), 302, and 303 of the Revenue Act of 1926, 44 Stat. 69, 70, 72, 26 U.S.C.A. §§ 410–412 and notes.

The contention on behalf of the petitioners is that, under section 303(a) (1) of the Revenue Act of 1926, 44 Stat. 72, 26 U.S. C.A. § 412 note, the amount paid the widow was deductible as a claim against the estate. Section 303(a) (1) provides:

"For the purpose of the tax the value of, the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for * * * claims against .the estate, * * * to the extent that such claims * * * were incurred·or contracted bona fide and for an adequate and full consideration in money or money's worth."

It is contended on behalf of the respondent that the amount agreed to be paid the widow was intended to and did supplant the right of dower possessed by her, incident to marriage; that dower is not deductible from gross estate of a deceased in ascertaining the estate tax; and that therefore the amount was not properly deductible.

Section 302 of the Revenue Act of 1926, 44 Stat. 70, 26 U.S.C.A. § 411, provides in part as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lien of dower or curtesy."

It was the evident purpose of Congress in passing the Revenue Act of 1926 to include .in the gross estate of a decedent, for purposes of taxation, any amount paid a widow as dower. The question then arises, Does an agreement entered into prior to death, fixing an amount to be received in lieu of dower, create a claim against decedent's estate that is deductible?

The amount paid the widow under the antenuptial agreement became payable to her only on the death of her husband. Hed the wife died first, her estate would have had no valid enforceable claim against the husband. The shifting of the economic benefits was occasioned by the death of the husband and did not take place on the execution of the antenuptial agreement under which the wife acquired no property rights unless the agreement was matured and made effective by her survival of the husband. Had there been no antenuptial agreement and had the widow taken under decedent's will, the amount of her dower would unquestionably have been included in the gross

estate. United States v. Dietz, 8 Cir., 33 F. 2d 576; Jacobs v. Commissioner, 8 Cir., 34 F.2d 233, certiorari denied Jacobs v. Lucas, 280 U.S. 603, 50 S.Ct. 85, 74 L.Ed. 647. See, also, Crooks v. Loose, 8 Cir., 36 F.2d 571; Allen v. Henggeler, 8 Cir., 32 F.(2d) 69.

The statute is explicit in including dower in the gross estate of a deceased individual. To allow a deduction through the substitution, by a mutual agreement, of an amount fixed in lieu of dower would be an evasion of the statute. As was said in the opinion of the Board:

"It makes no difference, therefore, whether we consider the widow as taking as a beneficiary under the will, or as a purchaser for full and adequate consideration by the use of her statutory marital interest which was transferred from the decedent, the amount paid her by the executors is subject to the estate tax, cf. Crooks v. Loose, supra, and must be included in the gross estate. To hold otherwise would, we think, allow any spouse to nullify the plain intendment of the law by entering into an agreement whereby his wife would receive, after his death, an amount in lieu of dower or the marital interest provided by statute. Clearly section 302(b) intended to include such statutory interests in the gross estate and we think an amount paid in lieu of such interests must also be included."

The history of the taxing statutes dealing with this point throws light on the intention of Congress. The Revenue Act of 1924, § 303(a) (1), 43 Stat. 305, used the words "fair consideration" where Congress used the words "adequate and full consideration" in section .303(a) (1) of the Revenue Act of 1926, the act applicable here. This change in wording is significant. The phrase "fair consideration" was construed in Ferguson v. Dickson, 3 Cir., 300 F. 961, and the difference between that phrase and the words "adequate" and "full" consideration, pointed out. Again, in section 804 of the Revenue Act of 1932, 47 Stat. 280, 26 U.S.C.A. § 412 and note, Congress amended the Revenue Act of 1926, § 303(d), 44 Stat. 72, by declaring that a relinquishment or promise, relinquishment of dower should not be considered "to any extent a consideration 'in money or money's worth.'" The reports of the committees of both Houses of Congress discussing this latter amendment show conclusively that the amendment was declaratory of the law as it existed in the act of 1926 and was

made to avoid any misinterpretation of that act. The significance of the words used in the 1926 act are discussed in the cases of United States v. Banks, D.C., 17 F. 322, and State Street Trust Co. v. Stevens, 209 Mass. 373, 95 N.E. 851. Congress clearly intended that amounts paid out of an estate, under agreements similar to the one here, should be included in the gross estate of a deceased, for the purposes of taxation.

 The substantial effect and not the form of transactions is the main consideration for purposes of taxation. Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L. Ed. 916; Reinecke v. Smith, 289 U.S. 172, 53 S.Ct. 570, 77 L.Ed. 1109.

The substantial effect of the antenuptial agreement is to withhold assets that are subject to taxation as dower payments. People v. Field's Estate, 248 Ill. 147, 93 N. E. 721, 33 L.R.A.,N.S., 230; In re Reynolds' Estate, 169 Cal. 600, 147 P. 268; In re Oppenheimer's Estate, 75 Mont. 186, 243 P. 589, 44 A.L.R. 1470.

That the antenuptial agreement was based upon a valid consideration, sufficient to entitle the widow to the amount fixed, in lieu of dower, on the death of the husband, is not to be doubted, but it does not follow that it was, under a proper interpretation of the Revenue Act of 1926, a claim deductible from the gross estate of decedent, before the calculation of the tax.

The authorities relied upon by the petitioners deal with taxing acts where the words used are different from the words used in the act of 1926, or are cases where the facts are different from the facts here, and are not controlling.

It is contended on behalf of the petitioners that if any ambiguity exists in the meaning of the 1926 act, such ambiguity should be resolved in favor of the taxpayer under the general doctrine that tax laws are strictly construed in favor of the taxpayer. Burnet v. Moore Cotton Mills Company, 4 Cir., 49 F.2d 59; Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156. Here the rule is not applicable for the reason that petitioners seek a deduction. Deductions are matters of legislative grace, and one seeking a deduction must show that he comes clearly within the terms of the statute allowing it. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128.

The arrangement entered into between the executors of the decedent's estate and the widow through which, on the payment of interest, she waived, for the period of one year, the payment of the amount due under the antenuptial agreement, in no way affects the issue here under consideration.

The Commissioner was right in disallowing the deduction and the decision of the Board of Tax Appeals is affirmed.