## CONNER v. BENDER et al.

### No. 8868.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1942.

G. H. Zeutzius, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Lyle M. Turner, Sp. Assts. to Atty. Gen., Calvin Crawford, of Dayton, Ohio, and Frederic W. Johnson, of Cincinnati, Ohio, on the brief), for appellant.

Walter Schmitt of Cincinnati, Ohio (Bettinger, Schmitt & Kreis, of Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

On May 14, 1925, Stephen Bender entered into an antenuptial contract with Clara Bertrand Pfitzer in which he agreed, in consideration of marriage and in return for a release of her right of dower, allowance for homestead, and for all other rights which she might have as widow, heir, distributee, survivor, or next of kin, to pay her the sum of $15,000 during his lifetime; and in case of his failure to pay this sum during his lifetime he agreed that it should be paid to her out of his estate at the time of his death. Mr. Bender died on November 18, 1936, and his widow, not having received payment of the agreed sum during his lifetime, was thereafter paid the sum of $15,000 by the executors of his estate, in accordance with the provisions of the antenuptial contract.

In filing the estate tax return, the executors of Mr. Bender's estate did not include this sum as part of the net estate of decedent. Subsequently, however, the Collector of Internal Revenue did include the sum, paid to the widow in accordance with the contract, as part of the net taxable estate and levied a deficiency tax thereon, amounting, with interest, to $2,275.65. On November 9, 1938, the executors paid this sum to the Collector of Internal Revenue, and on December 23, 1938, they filed with the Collector a claim for refund, which was rejected March 29, 1939. Thereafter, they filed a complaint against the Collector in the District Court and were awarded a judgment for the amount which had been assessed and collected.

This review presents the question whether the estate is taxable under the provisions of the Revenue Act of 1924 or under the Revenue Act of 1926 as amended; and the disposition of this question depends upon whether the statute in effect at the time of the execution of the antenuptial agreement, or the statute in effect at the time of the death of Mr. Bender, is applicable.

On appeal by the Collector, it is contended that under § 805 of the Revenue Act of 1932, amending § 303(a) (1) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 643, in effect at the time of Mr. Bender's death, such deduction was not allowable. It is the claim of the executors that under the Revenue Act of 1924, which was in effect when the antenuptial agreement was executed, appellees are entitled to claim the amount paid Mrs. Bender as a deduction in determining the net taxable estate of decedent.

If the Act of 1924 controls, the deduction is allowable. See Ferguson v. Dickson, 3 Cir., 300 F. 961, certiorari denied, 266 U.S. 628, 45 S.Ct. 126, 69 L. Ed. 476. If the Act of 1926 as amended in 1932, is applicable, the deduction is not permissible because, while transfer of dower is a fair consideration, it is held not to be a full and adequate consideration in money or money's worth. Empire Trust Co. v. Commissioner, 4 Cir., 94 F.2d 307.

The Revenue Act of 1924 provided for the inclusion of property subject to dower in the gross estate, and this was continued in the Revenue Act of 1926. The amendment of 1932, § 804, 26 U.S.C.A. Int.Rev.Acts, page 642, provided that a relinquishment of dower should not be considered "to any extent a consideration 'in money or money's worth'"; and was declaratory of the law as it existed in the Act of 1926. Empire Trust Co. v. Commissioner, supra. In Helvering v. United States Trust Co., 2 Cir., 111 F.2d 576, the question before the court was whether a trust fund set up by a husband for the payment of an annuity to his wife, in consideration of her relinquishment of marital rights, was deductible from his gross

estate for taxation under the estate tax. It was contended that the Revenue Act of 1926 was in effect when the trust fund was set up; that the definitory language of the amendment of 1932 should not be construed retroactively; and that such a construction would be unconstitutional. But the court held that the amendment of 1926, first applied to the decedent's estate at all only when he died in 1935; that not until then did it command the Commissioner to include the trust in the gross estate; and that before 1935, the amendment of 1932 had given the Act of 1926 its new meaning. In Sheets v. Commissioner, 8 Cir., 95 F.2d 727, under the statute, property held in joint tenancy by deceased and another, was taxable by statute as part of decedent's gross estate, unless the other had given adequate and full consideration in money or money's worth. The statute was amended by the provision that relinquishment of marital rights in the property of decedent should not be considered as consideration in money or money's worth. The court held that the statute, as amended, applied to interests in joint tenancy held by decedent, who had died after the date of the amendment, regardless of when the joint tenancy was created. In Adriance v. Higgins, D.C., 30 F.Supp. 70, 76, affirmed, 2 Cir., 113 F.2d 1013, the court said: "For estate tax purposes the statute expressly precludes any deduction of a claim against the estate which has as its consideration a release of dower. This would be so even if the agreement giving rise to the claim was made prior to the passage of the first estate tax on dower."

▆ Many of the cases relied upon by appellee are to the effect that fully completed transfers of property rights are not subject to taxation by subsequently enacted statutes. Blodgett v. Holden, 275 U.S. 142, 276 U.S. 594, 48 S.Ct. 105, 72 L.Ed. 206; Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081; Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858. No property not transmitted by death is included in an estate for estate tax purposes. See Meyer's Estate v. Commissioner, 2 Cir., 110 F.2d 367. But in this case, there was no such transfer to Mrs. Bender. As a result of the contract, a debt was due her from the estate; and such debts are not liens. See Helvering v. United States Trust Co., supra. The claim under the antenuptial contract was merely a claim against the estate, and at the time of Mr. Bender's death, such claim was not entitled to deduction from the gross estate for purposes of taxation. While at the time of the execution of the contract the deduction may have been allowable, the changes resulting from the Revenue Act of 1926 and the amendment of 1932, set aside this right of deduction. "Congress may at pleasure change the deductions which it allows, regardless of when the claims have arisen." Helvering v. United States Trust Co., supra [111 F.2d 578]. Congress has the power to determine whether to allow certain claims to be deducted before arriving at the amount upon which the tax is to be computed, and may exercise that power or not, and if it does exercise it, may do so with whatever uniform restrictions it cares to impose. There is no constitutional right to be preserved when such a deduction is allowed, or to be denied, when it is not, if property has been transmitted by death. Meyer's Estate v. Commissioner, supra. In accord with the foregoing, the reliance upon the claim that Mrs. Bender's right to the amount provided in the antenuptial contract was a vested right, and the conclusions drawn therefrom, are not persuasive.

▆ It is not essential to the validity of an estate tax that all claims which may be enforced against the property shall be deducted before making the calculation. Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346. At the time of Mr. Bender's death, the statute provided that all property subject to dower rights should be included in the gross estate. Deductions are matters of legislative grace and one seeking a deduction must show that he comes clearly within the terms of the statute allowing it. Empire Trust Co. v. Commissioner, supra. Appellees have failed to show that they are entitled to deduct the claim.

Judgment reversed and petition dismissed.