## COMMISSIONER OF INTERNAL REVENUE v. STATE STREET TRUST CO. et al.

### No. 3751.

Circuit Court of Appeals, First Circuit.

June 3, 1942.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Joseph M. Jones, Sp. Assts. to Atty. Gen., and J. P. Wenchel and Ralph F. Staubly, both of Washington, D. C., on the brief), for the Commissioner.

Samuel H. Batchelder, of Boston, Mass. (Charles W. Morrill and Peabody, Arnold, Batchelder & Luther, all of Boston, Mass., on the brief), for State Street Trust Co. et al.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The Commissioner of Internal Revenue disallowed as a deduction a claim of $156,-473.04 against the Estate of Francis Browne Grinnell for alimony payments and determined a deficiency in the estate taxes. The Board of Tax Appeals disapproved the determination of the Commissioner and decided that there was no deficiency. The deduction of $156,473.04 represents the value at the date of the decedent's death of monthly payments of $1,000 for life to a person of the age of the widow, Elizabeth M. Grinnell. The Commissioner has petitioned this court to review the decision of the Board.

The issue is whether a claim for monthly payments to a wife for life in satisfaction of her right to alimony or otherwise under a divorce decree which is subject to modification on her remarriage is an allowable deduction in a deceased husband's estate tax return under Section 303(a) and (d) of the Revenue Act of 1926, as amended,[1]

---

[1] "Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

"(a) [as amended by Section 403(a) of the Revenue Act of 1934] In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

"(1) [as amended by Section 805 of the Revenue Act of 1932] Such amounts—

"(A) for funeral expenses,

"(B) for administration expenses,

"(C) for claims against the estate,

"(D) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, and

"(E) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent,

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. * * *

"(d) [as amended by Section 804 of the Revenue Act of 1932] * * * For the purposes of this title, a relinquishment or

44 Stat. 9, 26 U.S.C.A. Int.Rev.Acts, pages 232, 240, § 303.

On January 4, 1917, Elizabeth M. Grinnell was granted a divorce from her husband, Francis Browne Grinnell, in the Superior Court of the Commonwealth of Massachusetts. The decree contained the following provision for the payment of alimony:

"And, upon consideration, and hearing counsel for said libellant and libellee, and upon consent of said parties represented by said counsel and hereby conclusively affirmed, it is further ordered, adjudged and decreed—

"That said libellee shall, on the said decree nisi becoming absolute, and thereafter during the life of the libellant, well and truly pay, or cause to be paid to her, the sum of twelve thousand dollars ($12,000) annually in installments of one thousand dollars ($1,000) monthly, each of said installments to be payable on the first day of each month, the first of said installments to be paid as of November 1, 1916;

"That the said payments shall constitute full, final and conclusive satisfaction of any and all demands and rights of any and every nature, whether at law or in equity, of said libellant, for or on account of alimony or otherwise, against said libellee.

"Provided, however, that in the event of the marriage of said libellant, but not otherwise, further obligations of said libellee to said libellant, as hereinabove fixed and determined, shall be subject to any further order or modification by this Court, upon the motion of either of said parties."

The husband died on November 17, 1937, and his will was admitted to probate in the Norfolk County Probate Court. His wife, who was born in 1889, is still living and has never remarried. She filed a claim against the estate of the deceased for the payment of the amounts due her under the divorce decree and the court ordered the administrators to retain in their hands sufficient assets to meet such liability. In 1938 the probate court, approved a compromise agreement for the liquidation of the claim by the payment of $30,000 in cash and monthly payments of $650 as long as she lived and remained unmarried. The taxpayer computes the present value of the claim under the decree of the probate court to be $132,107.48.

■ The Board of Tax Appeals rests its decision upon the ground that the claim of the decedent's widow against the estate is based upon a decree of the Massachusetts court and not upon an agreement entered into by the parties. However, the Commissioner stresses the fact that the decree in question is a consent decree and that there is evidence of an agreement between the husband and wife entered into prior to the divorce. He argues that insofar as the decree relates to payments it has its origin in the prior agreement, and, therefore, falls within the scope of the statute. There is some evidence in the case that an agreement was reached prior to the decree but as the Board says: "The record does not show clearly the agreement of the parties to the decree." The Commissioner further argues that even if there had been no prior agreement this court should make no distinction between the relinquishment of marital rights based upon an agreement entered into by the parties and a court decree affecting those rights. We are constrained to reject these contentions. The question involves an interpretation of the statute and this court is limited by the explicit language contained therein. The applicable statute, Section 303, supra, provides for a deduction of claims against the estate as are allowed by the laws of the jurisdiction under which the estate is being administered, and further provides "the deduction herein allowed in the case of claims against the estate * * shall, *when founded upon a promise or agreement,* be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth." [2] (Italics supplied.) It

---

promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth'."

[2] 1 Paul, Federal Estate and Gift Taxation, pp. 600, 601, § 11.20.

"The estate tax requirement of adequate and full consideration is limited to liabilities founded upon contract. Liabilities imposed by law or arising out of tort are deductible." Also footnote 9: "Reg. 80 (1937 Ed.), Art. 36. The law may have been ambiguous on this point prior to changes made by Section 805 of the 1932 Act and explained in Committee reports as follows: 'A clarifying provision limiting the requirement of an adequate and full consideration in money or money's worth to liabili-

621

also defines what is not consideration in money or money's worth as follows: "For the purposes of this subchapter [title], a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower, or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth.'" It is to be observed from a consideration of the statute that a prerequisite for a deduction, if such deduction is based upon the relinquishment of a marital right, is that the claim be not founded upon a promise or an agreement. Estate of Silas Mason, 43 B.T.A. 813, 821; Young v. Commissioner, 39 B.T.A. 230, 234. See Nantke v. United States, D.C., 35 F.Supp. 450.

The cases of Markwell's Estate v. Commissioner, 7 Cir., 1940, 112 F.2d 253 and Helvering v. United States Trust Co., 2 Cir., 1940, 111 F.2d 576, certiorari denied United States Trust Co. v. Commissioner, 311 U.S. 678, 61 S.Ct. 45, 85 L.Ed. 437, cited to us by the Commissioner in support of the proposition that no distinction should be made between a separation agreement and a decree affecting marital rights are clearly distinguishable. While in these cases the courts entered divorce decrees subsequent to the consummation of the agreements, no reliance was placed upon the decrees.

■ Under Massachusetts law a decree by the court creates and fixes the rights of the divorced wife. The decree rests on its own foundation and a contract entered into by the parties does not in any sense deprive the court of its jurisdiction to adjust the marital rights and duties of the parties. This is equally true when, as here, there is some evidence of a prior agreement which has been superseded by the decree of the court. Bradford v. Bradford, 296

Mass. 187, 4 N.E.2d 1005; Wilson v. Caswell, 272 Mass. 297, 172 N.E. 251; Oakes v. Oakes, 266 Mass. 150, 165 N.E. 17. See French v. McAnarney, 290 Mass. 544, 547, 195 N.E. 714, 716, 98 A.L.R. 530. Cf. Schillander v. Schillander, 307 Mass. 96, 29 N.E.2d 686.[3] As was said in Oakes v. Oakes, supra, at pages 17, 18, of 165 N.E.:

"The so-called agreement between the husband and wife did not in any way deprive the court of its power and jurisdiction to alter its former decree providing for the amount of alimony to be paid. * * * The judge may give due consideration to such contracts when they are free from fraud, collusion or coercion, but his power is not abrogated. He is required to use his sound discretion and best judgment in passing on the question."

■ It is true as the Commissioner contends that there is no difference between a divorce decree fixing the wife's marital rights and a separation agreement which provides a settlement in lieu of those rights insofar as the nature of what is given up is concerned. We cannot escape, however, the clear language of the statute. Certain it is that Congress may provide the answer to this seeming incongruity, but it is not for us to reach a result by judicial interpretation which would be contrary to the clear statement of the statute. See Commissioner of Internal Revenue v. Lyne, 1 Cir., 1937, 90 F.2d 745, 747 and cases cited. We, therefore, affirm the Board of Tax Appeals on this point.

The Commissioner argues that even if the Board is correct in its determination that the taxpayer is entitled to a deduction, it is in error in allowing the sum of $156,473.04 to be deducted from the gross estate. The taxpayer urges, however, that $156,473.04, the present value of the monthly payments under the divorce decree, constitutes the widow's claim against the assets

---

ties founded on contract. The existing law might be open to a construction under which no claim against the estate would be deductible unless supported by an "adequate and full consideration in money or money's worth", but the real intent could hardly have been to deny the deduction of liabilities imposed by law or arising out of torts, and the amendment whereby the requirement of a consideration applies only where the liability is founded on contract is designed to clear up any doubt which may be thought to exist.' H. R. Rep. No. 708, 72d Cong.,

1st Sess., p. 48 No. 665, 72d Cong., 1st Sess., p. 51 (C.B. 1939-41, Part. 2, p. 533). * * * "

3 In this case the parties entered into an agreement providing for the payment by the husband of $300 a month as long as both parties should live, which sums should be due and payable independent of any decree of alimony awarded by the court. The court held that there was no authority to alter or modify the agreement. The case is distinguishable on the ground that the agreement was in no way made a part of the decree.

of the estate; that the sum finally allowed by the Probate Court is merely the liquidated value of the claim against the estate, and that the full sum is the actual claim and should, therefore, be deducted. Ours is a practical problem and we govern ourselves by what under the circumstances seems most reasonable. See Jacobs v. Commissioner, 8 Cir., 1929, 34 F.2d 233, 235. The statute provides that only those sums which are allowed by the laws of the jurisdiction under which the estate is being administered are deductible from the gross estate. The decree of August 8, 1938, of the Probate Court allowed to the widow of the decedent the sum of $30,000 in cash and $650 a month, in accordance with the compromise agreement reached by the parties. The widow will never receive more than these sums nor does she claim any more, and conversely, the estate will never be called upon for any larger amount. This is the extreme liability of the estate. That the payment of $30,000 in cash was an inducement to her to accept the reduced monthly payments does not alter the fact that this is the final settlement of her rights and may be properly called the allowed claim against the estate.

In determining the amount of the deduction to which the taxpayer is entitled, it does not appear whether the Board took into account the contingency that the widow might remarry. It may be that the Board considered this fact but concluded that it was too conjectural and, therefore, decided not to give it weight in reaching its decision. Whatever the reason, we are of the opinion that the probability of remarriage is a factor which should be considered in determining the present value of the compromise agreement. Brotherhood v. Pinkston, 293 U.S. 96, 101, 55 S.Ct. 1, 79 L.Ed. 219.

We, therefore, conclude that the present value of $30,000 plus monthly payments of $650 to the widow for life, taking into account the contingency of her remarriage, is the proper amount to be deducted from the gross estate of the decedent.

The case is remanded to the Board of Tax Appeals for a recomputation of the taxpayers' deduction in conformity with this opinion.