**MERRILL v. FAHS, Collector of Internal Revenue.**

No. 549-J.

District Court, S. D. Florida.
June 24, 1943.

Sam R. Marks, of Jacksonville, Fla., for plaintiff.

Herbert S. Phillips, U. S. Atty., and Harry G. Taylor, both of Tampa, Fla., for defendant.

DE VANE, District Judge.

■ The validity of the prenuptial agreement and the sufficiency of consideration to sustain it, as between the parties, is not challenged by defense counsel. They maintain, however, that the plaintiff's transfer of funds to the trust was taxable because the term "consideration" as used in Section 503 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585, is not the same thing as common-law consideration and point to the decision in Commissioner v. Bristol, 1 Cir., 121 F.2d 129, 134 where it was said that "the purpose of this section in the gift tax statute * * * was to prevent the depletion of the transferror's * * * estate, unless a tax was paid on the transfer." On this question there seems to be some difference of opinion. In discussing the legislative history of the Revenue Acts and the difference between the words "fair", "adequate" and "full" as they have been used in defining the consideration contemplated by comparable estate taxing acts, Mr. John E. Hughes in his book "The Federal Death Tax," § 93, p. 152, says: "The law does not require that the consideration be paid to the donor in order that it may swell his estate and the Court should not add such a provision to the law by judicial construction," citing United States v. Mitchell, 7 Cir., 74 F.2d 571, 575; and Mr. Randolph E. Paul is evidently of like opinion—in volume 1 of his work on "Federal Estate and Gift Taxation", § 11.20, p. 602, he says: "The Courts have held, as a rule, that consideration need not flow directly to the decedent or his estate," citing numerous authorities. See, also, volume 2 of the same work, § 16.14, p. 1114. So the mere fact that plaintiff withdrew money from his assets would not seem to be controlling if he acquired in exchange something that may fairly be said to have been of equivalent benefit or advantage.

It is further contended by defendant that release of a wife's statutory rights may not constitute consideration in money or money's worth and that Congress by Section 804 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 642, has so specified. That section in Title VI, Estate Tax Amendments, reads as follows:

"Sec. 804. Relinquishment of Dower, etc., as Consideration.

"Section 303(d) of the Revenue Act of 1926 is amended by adding at the end thereof a new sentence to read as follows:

" 'For the purposes of this title, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth" ' ".

■ Plaintiff contends that the Federal Courts, prior to 1932, had consistently held the relinquishment of a wife's statutory rights to be consideration in money's worth for a transfer to her of property by the husband; that, with this rule known to it, Congress deliberately omitted from the gift tax provisions of the 1932 Revenue Act any provision comparable to above quoted Section 804, which amends the estate tax law. Plaintiff directs attention to the following authorities: Ferguson v. Dickson, 3 Cir., 300 F. 961; McCaughn v. Carver, 3 Cir., 19 F.2d 126; Stubblefield v. United States, 6 F.Supp. 440, 79 Ct.Cl. 268; Mason v. United States, D.C., 17 F.2d 317. Those decisions undoubtedly hold as counsel contend and should be followed unless Congress has specified to the contrary.

The case of Empire Trust Co. v. Commissioner of Internal Revenue, 4 Cir., 94 F. 2d 307, 309, is noticed but is not considered applicable since it presented a different factual situation and involved an attempt by the taxpayer to circumvent the plain mandate of the estate tax law (requiring the value of a dower interest to be included in computing the gross estate). As that court specifically pointed out: "The amount paid the widow under the antenuptial agreement became payable to her only on the death of her husband. Had the wife died first, her estate would have had no valid enforceable claim against the husband. The shifting of the economic benefits was occasioned by the death of the husband and did not

take place on the execution of the antenuptial agreement under which the wife acquired no property rights unless the agreement was matured and made effective by her survival of the husband." What was said in that opinion must necessarily be considered and weighted in the light of the factual situation there presented.

Counsel on both sides admit the similarity of the Bristol case and when that litigation was before the Board of Tax Appeals (42 B.T.A. 263) this same question, as to the proper construction of the Revenue Act of 1932, arose and was disposed of as indicated by the following excerpts from the opinion:

"The difference between the parties in this case arises partly from the parallelism between certain language used in the gift tax law and that found in the estate tax law. The provision 'adequate and full consideration in money or money's worth' appears in both statutes. By section 804 of the Revenue Act of 1932 [26 U.S.C.A. Int. Rev.Acts, page 642] the Estate Tax Law of 1926 was amended to provide that the release of dower, or similar interests, 'shall not be considered to any extent a consideration in money or money's worth' * * * there is no comparable provision in the gift tax law.

"Counsel for respondent urges that, despite this omission of the quoted provision from the gift tax sections, we should construe the words 'adequate and full consideration in money or money's worth' in the instant case involving gift tax the same as though we were applying the estate tax sections. We are unable to agree. The gift tax under consideration was imposed by the Revenue Act of 1932, the same act that amended the 1926 Act respecting estate tax as above noted. Both the gift tax provisions and the estate tax amendment were considered in the same Congressional Committee reports. Nevertheless, the amendment was made specifically applicable to the estate tax and was omitted from the gift tax provisions. The only logical conclusion in the light of such facts is that, with both taxes before it, the Congress did not intend the interpretative restriction placed around the estate tax to apply to the gift tax and that the omission thereof from the gift tax provisions was deliberate. We are of the opinion, accordingly, that the relinquishment of dower or other marital rights may, under the gift tax statute, be

adequate and full consideration in money or money's worth. The adequacy of the consideration in a given case is a question of fact."

The reasoning of that opinion appeals to me as being sound and logical and I am disposed to follow it rather than the contrary view set forth in Commissioner v. Bristol, 1 Cir., 121 F.2d 129.

■ This court therefore holds that insofar as the gift taxing statute is concerned, the release by Miss Desmare of all her statutory rights, as wife or widow, in the real and personal properties of plaintiff, then owned or thereafter to be acquired by him, could constitute "adequate and full consideration in money or money's worth" for his assurances given in the pre-nuptial agreement.

The next question involves an appraisal of the value of the particular rights relinquished by Miss Desmare. An approximation of those rights is not confined to a mere estimate of the size or quantity of estate which plaintiff may leave upon his death and in which his widow, if she survive him, will have an interest. Plaintiff received by the agreement an immediate and complete relinquishment of his prospective wife's interest in all his property, real and personal, which he then owned or might thereafter acquire. That this was something of considerable value to a man in plaintiff's circumstances is not to be doubted. The situation may be summarized somewhat as follows:

He was on the eve of matrimony; the burdens which the statute would cast upon him were real, definite and immediate—they were not speculative and remote. They were more onerous than at common law. Herzog v. Trust Co. of Easton, 67 Fla. 54, 64 So. 426, Ann.Cas.1917A, 201. The wife would have during coverture "a contingent lien" upon everything he owned. Smith v. Hines, 10 Fla. 258. Her interest would tend to obstruct the free and unrestricted disposition by him of his property and the conversion of realty into personalty, or vice versa. She would have to join in all conveyances of his lands as well as any encumbrance of them (Section 5675, Compiled General Laws of Florida, F.S.A. § 693.02), and, in event of marital disagreement, would be in position to assert exhorbitant money demands. Certainly these disturbing factors which were amicably dis-

posed of by the agreement, plus the protection gained by him for his children's economic welfare, should be sufficient to justify any court saying that Miss Desmare's release of her rights was of substantial money value to him and should be measureable by the court.

The courts may not abdicate their function of deciding valuation questions because mathematical accuracy is difficult. Guggenheim v. Helvering, 2 Cir., 117 F.2d 469; Commissioner v. Marshall, 2 Cir., 125 F.2d 943, 141 A.L.R. 445.

Having enumerated the aforesaid benefits flowing to plaintiff, it should be sufficient to further observe that the dower statute gave to the wife an immediate interest in all his real property and, upon his death, the privilege of electing to take as statutory dower one-fourth of his estate, computed without reference to debts, inheritance taxes and expenses of administration, or a possible one-third thereof should she bear him a child or children. It is established that plaintiff's net worth was then in excess of $5,300,000, one-fourth of which is $1,325,000. Deducting from this sum the $300,000 agreed to be provided for the wife in the form of a testamentary trust, there still remains $1,025,000 which properly may be said to reflect the amount of the contingent interest which was compromised for cash. By using the actuarial factor .422604 and reducing $1,025,000 to present worth, the figure of $433,169.10 is obtained and in my opinion may be fairly said to represent the consideration, in money or money's worth, flowing to Mr. Merrill in exchange for the $300,000 transferred by him to the irrevocable trust. It is thus apparent that the transaction was decidedly in his favor.

This court accordingly holds that plaintiff's transfer of $300,000 to the irrevocable trust was in exchange for full and adequate consideration received by him, in money or money's worth, that such transfer was not taxable as a gift under Sections 501 and 503 of the Revenue Act of 1932, 26 U.S. C.A. Int.Rev.Acts, pages 580, 585, or otherwise and that the sum exacted from him by defendant, as and for such tax, was erroneous and illegal.

Judgment will accordingly be entered for plaintiff for the amount claimed with interest from date of payment and costs, as provided by law.