## COMMISSIONER OF INTERNAL REVENUE v. CONVERSE.

### No. 234, Docket 20498.

Circuit Court of Appeals, Second Circuit.

Aug. 13, 1947.

Sewall Key, Acting Asst. Atty. Gen., and Helen Carloss and Austin Hoyt, Sp. Assts. to Atty. Gen., for petitioner.

Norris Darrell, of New York City (Sullivan & Cromwell, Stoddard M. Stevens, John F. Dooling, Jr., Bruce A. Hecker and Matthew J. Kust, all of New York City, of counsel), for respondent.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This petition raises questions as to the taxability, as a gift, of a payment made in 1941 by a divorced husband to his former wife to satisfy a judgment entered in the suit in which the wife obtained an absolute divorce. The petitioner assessed a gift tax upon the full amount of the payment. By reason of adjustments which this made necessary in the gift taxes of the respondent for prior years, deficiencies in his gift taxes for 1941 and 1942 were determined. The Tax Court expunged both deficiencies and the Commissioner has petitioned for review of that decision. He now concedes that the portion of the payment which satisfied and discharged the wife's right to be supported by her husband during his life was not taxable, being content to have applied thereto tax ruling E.T. 19, issued in August 1946, to the effect that transfers of property made pursuant to an agreement incident to a divorce or legal separation are to be treated as made for an adequate and full consideration to the extent that they are made in satisfaction of the right to support.

The position of the Commissioner may be stated as follows. Except for so much of the payment as was made to discharge this right to support, the payment was a transfer taxable as a gift under the provisions of Secs. 1000 and 1002 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, §§ 1000, 1002 because the only consideration the transferror received for making it was the release of his wife's marital rights. These were neither an adequate and full consideration in money or money's worth which Sec. 1002 makes a condition precedent to the exclusion of the gift tax on transfers; nor any considera-

tion whatever which may be recognized in the light of Commissioner v. Wemyss, 324 U.S. 303, 65 S.Ct. 652, 89 L.Ed. 958, 156 A.L.R. 1022; Merrill v. Fahs, 324 U.S. 308, 65 S.Ct. 655, 89 L.Ed. 963; and Commissioner v. Bristol, 1 Cir., 121 F.2d 129. The petitioner, therefore, is seeking a reversal and remand for the purpose of having the value of the support rights determined and the remainder of the payment taxed as a gift.

The majority in the Tax Court distinguished the above cases on the ground that a postnuptial, instead of an antenuptial agreement was involved, and followed that court's former decision in Jones v. Commissioner, 1 T.C. 1207. Three judges dissented.

This is what happened to bring about the payment. The respondent and his wife had marital difficulties which led to their execution of a separation agreement on March 17, 1941 by the terms of which he provided for a minor child and promised to pay her $1,250.00 each month during her life in consideration for her release of her marital rights in accordance with the following clause in the contract:

"6. The Husband and Wife hereby mutually waive, relinquish and release all rights in and to the property, income and estate of the other, both during the lifetime and after the death of the other, including all rights of dower, courtesy or homestead, rights to husband's allowances, rights to widow's allowances, rights to specific property, rights to community property, all rights in property real or personal, and any and all special statutory rights (whether in intestacy, against any will or otherwise) which before or after divorce he or she would have against the other under the laws of any state or jurisdiction; * * *".

Soon thereafter the wife brought a suit for divorce in the courts of Nevada and alleged in her complaint that she and her husband had already agreed to a settlement of their property rights. The respondent appeared in that suit by his attorneys and answered denying that the agreement made was fair and just and alleging that a single payment would be for the best interests of the parties. After a trial in which this was one of the issues litigated, and after the parties had finally agreed upon the amount, the Nevada court entered a judgment of absolute divorce and also decreed as follows:

"It is further ordered, adjudged and decreed that defendant shall, within (30) days from the date hereof, pay to plaintiff the sum of Six Hundred Twenty-five Thousand ($625,000.00) Dollars in cash, in lieu of the monthly payments as provided in the separation agreement, and the said agreement is hereby amended accordingly. That upon the payment by defendant and receipt by plaintiff of said lump sum or gross amount, defendant shall be discharged and released from all obligations to make the monthly payments of alimony, as provided in said agreement. That said lump sum or gross amount payment in the sum of $625,-000.00 is to be received and accepted by plaintiff in full discharge, settlement and satisfaction of all property rights of the plaintiff and defendant, and in full satisfaction of plaintiff's claim for support and maintenance for the rest of her life.

"It is Further Ordered, Adjudged and Decreed that the said written agreement made and entered into between the plaintiff and defendant, dated the 17th day of March, 1941, and offered and received in evidence and marked 'Plaintiff's Exhibit A', as amended by the above and foregoing paragraph, be, and the same is hereby ratified, adopted and approved, and the said agreement is hereby declared to be fair, just and equitable to plaintiff, to defendant, and to said minor child, and plaintiff and defendant are ordered and directed to comply with the terms and conditions of said agreement."

The payment was made as decreed and taxed as above stated.

The respondent contends (1) that the payment was not taxable as a gift because it was required to satisfy a valid judgment against him; (2) that an adequate and full consideration for the transfer did pass to the transferror; (3) that in no event should there be a reversal and remand (a) because the petitioner has conceded the non-taxability of the transfer as a gift to the extent of the value of the wife's right to support and it must be assumed that the Tax Court, though it made no express find-

ings, did find that to equal the payment in value and (b) because this issue was raised first on this petition.

We think the decision should be affirmed but for a somewhat different reason than was advanced by the majority below. We find no occasion to attempt to resolve the dispute in that court as to any distinction between antenuptial and postnuptial agreements under the doctrine of the Wemyss and Merrill cases. The monetary provisions of the original postnuptial agreement for monthly payments to the wife were not carried out. In so far as they are concerned that agreement may be disregarded. But there was a subsequent agreement made during the trial of the divorce action which no doubt was a factor in influencing the court to enter the judgment requiring the payment here involved. Yet that was but one of the factors, the others being the evidence introduced and considered by that court in reaching its decision as to the amount of the money judgment. When that decision was reached and that judgment was entered, the respondent was bound by it and liable upon it as the judgment of a court which had jurisdiction, for the jurisdiction of the Nevada court is not only apparent but is, indeed, undisputed.

That judgment then became enforceable and was a debt respondent owed. Had he died before he paid it, it would not only have been collectible out of his estate but, what is even more significant for present purposes, it would, when paid, have been a deductible claim for estate tax purposes. Commissioner v. Maresi, 2 Cir., 156 F.2d 929. The underlying reason for taxing as gifts transfers made only in consideration for the release of marital rights in accordance with antenuptial agreements, as shown by the Wemyss and Merrill cases, is that the estate and gift tax statutes are in pari materia. Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20. Where, as here, there was the discharge of a money judgment which, had it remained unpaid until it became a debt against the respondent's estate, would have been allowed as a deductible claim in computing an estate tax, the transfer which discharged that debt during the respondent's life is not taxable as a gift. On the contrary it was the payment of a liquidated debt created by the judgment and the discharge thereby of the respondent's obligation to pay that debt was an adequate and full consideration in money or money's worth for the transfer.

Affirmed.