### COMMISSIONER OF INTERNAL REVENUE v. BARNARD'S ESTATE.

### BARNARD'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

No. 184, Docket 21164.

United States Court of Appeals
Second Circuit.

Argued June 8, 1949.

Decided July 25, 1949.

234

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

James C. Mulligan, of New York City (Delafield, Marsh & Hope and Claude A. Hope, all of New York City, on the brief), for respondent.

Before L. HAND, Chief Judge, and CLARK and FRANK, Circuit Judges.

CLARK, Circuit Judge.

These are cross-petitions for review of a decision of the Tax Court sustaining in part and disallowing the remainder of a deficiency in gift tax determined by the Commissioner. The deficiency arose out of the failure of Josephine S. Barnard, of whose will the petitioner, City Bank Farmers Trust Co., is executor, to include in her 1943 gift tax return two transfers of $50,000 each to her husband, Henry H. Barnard, based respectively upon a separation agreement and a contemporaneous agreement conditioned on a divorce between the parties.

The stipulated facts, pertinent to the review of these petitions, are are follows: Mrs. Barnard and Barnard were married in 1924. In July, 1943, they separated; and on August 12, 1943, they entered into a written separation agreement, whereby Mrs. Barnard promised to pay to Barnard the sum of $50,000, in return for which he relinquished any claims on her property "so that her estate shall go and belong to the person or persons who become entitled thereto by will or by devise, bequest, intestacy, administration or otherwise as if the Husband had died during the lifetime of the Wife." At the same time she relinquished any dower or other rights in his estate. Each also transferred and released to the other any rights in real property owned by the other and agreed not to incur any liabilities upon the other's credit. The agreement further provided that

"In the event of a decree of separation or divorce between the Husband and the Wife, the provisions hereof may be embodied in such decree and may be made a part thereof; provided, however, that no insertion in any such decree of any of the provisions of this agreement or of the substance thereof shall affect or in any manner alter the terms and conditions of this agreement."

Mrs. Barnard paid the $50,000 to Barnard upon the execution of the written agreement. At the same time, the parties entered into an oral agreement, nowhere referred to in the written one, that, when and if Mrs. Barnard obtained a divorce, she would pay an additional $50,000 into a trust fund previously established by her, of which Barnard was the life beneficiary. To guard against the event of her death before she had done so, she executed a codicil to her will the next day, leaving $50,000 in trust for Barnard. Some two months later, on October 20, 1943, she obtained a Nevada divorce. The divorce decree included the following paragraph:

"2. That the written agreement, dated August 12, 1943, made and entered into by the plaintiff and the defendant herein, settling the property rights of the plaintiff and the defendant, and all matters concerning the care, custody and control of the minor children of said parties, a true, full and correct copy of which said written agreement has been admitted in evidence in this action and marked and designated as 'Plaintiff's Exhibit A' herein, be, and the same hereby is, by this Court, ratified, adopted and approved in all respects, and with the same force and effect as if said agreement were annexed hereto and set out in haec verba as a part hereof; and said agreement is hereby declared to be fair, just and equitable to the plaintiff, to the defendant, and to the said minor children."

A few days after Mrs. Barnard obtained her decree, she carried out the provisions of the oral agreement by making a $50,000 payment to City Bank Farmers Trust Company, trustee of the trust fund for Barnard,

thereupon revoking the codicil to her will. The Commissioner held both these payments subject to the gift tax in a deficiency determination which she asked the Tax Court to redetermine. Thereafter she died and City Bank Farmers Trust Company carried on the proceedings as her executor. Judge Black, for the Tax Court, held only the second payment to be subject to the tax, 9 T.C. 61, and later denied the executor's petition for a rehearing. Both the Commissioner and the executor have now petitioned for a review of the decision.

■ Section 1002 of the Internal Revenue Code, 26 U.S.C.A. § 1002, provides: "Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year." For the meaning of "adequate and full consideration" we need turn only to the opinion of the Supreme Court in Merrill v. Fahs, 324 U.S. 308, 65 S.Ct. 655, 656, 89 L.Ed. 963.[1] The Court there pointed out that, since the gift tax statutes were designed to prevent tax avoidance by settlements in advance of death, they must be read together with the related provisions of the estate tax. Sanford's Estate v. Commissioner of Internal Revenue, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20. And since relinquishment of marital property rights is not "adequate and full consideration" for estate tax purposes, it should not be so for gift tax purposes. The explicit provision to this effect, now found in I.R.C. § 812(b), 26 U.S.C.A. § 812(b), is more "cautious redundancy" than a showing of an intention to discriminate between the two taxes; there is every reason "to construe the provisions of both taxes harmoniously." Merrill v. Fahs, supra, 324

U.S. at pages 312, 313, 65 S.Ct. at page 657, 89 L.Ed. 963.

The executor argues that the Merrill case can be distinguished because the transaction involved there was an antenuptial settlement, rather than a separation agreement. But the amount that Mrs. Merrill would have received at Merrill's death would have been taxed to his estate before she received it, just as the amount that Barnard would have received at Mrs. Barnard's death by marital right would have been taxed to the estate before he received it. That is, the gap in the revenue laws which the gift tax was designed to fill is just as apparent in the one situation as the other; and if the two taxes are to be construed harmoniously in the one case, they certainly should be in the other. We regard the suggestion that the one case shows more of a business transaction than the other as bordering upon the fanciful; a transfer as part of a separation agreement ending a marriage in ordinary contemplation is no more for a business purpose than a transfer to induce a marriage. See Robinette v. Helvering, 318 U.S. 184, 188, 63 S.Ct. 540, 87 L.Ed. 700; Paul, Federal Estate and Gift Taxation, 709-12, 715-17, 1946 Supp.; Rudick, Marriage, Divorce and Taxes, 2 Tax L.Rev. 123, 137, 162. This distinction without a difference seems to have developed in the Tax Court which early became committed to a different view—see Jones v. Commissioner, 1 T.C. 1207—and then felt unwilling to accept what we think is the clear import of the Supreme Court's analysis. Accordingly in a series of decisions, of which the present is one, the Tax Court has applied this distinction. But this view has not been without dissent; thus we regard the vigorous dissents of Judge Disney in cases such as McLean v. Commissioner, 1948, 11 T.C. 543; Taurog v. Commissioner, 1948, 11 T.C. 1016; and Harding v. Commissioner, 1948, 11 T.C. 1051, as stating

---

[1] In the companion case of Commissioner of Internal Revenue v. Wemyss, 324 U.S. 303, 65 S.Ct. 652, 653, 89 L.Ed. 958, 156 A.L.R. 1022, the Court held the gift tax applicable to any transfer not made for a "consideration in money or money's worth," irrespective of donative intent. See also Commissioner of Internal Revenue v. Bristol, 1 Cir., 121 F. 2d 129, cited with approval in the Wemyss and Merrill cases.

the necessary and correct principles after Merrill v. Fahs, supra.

▮▮▮▮ It is argued, however, that the language of the appropriate Treasury Regulation does support the distinction. This first states that even a transfer by sale may be taxable as a gift to the extent that the value of the property sold exceeds the consideration, but goes on to provide that a transfer "made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth." U.S.Treas.Reg. 108, § 86.8, quoted in the margin.[2] Thus the executor here takes the exception for transfers of property "made in the ordinary course of business" to be defined by the qualifying words following in parentheses: "(a transaction which is bona fide, at arm's length, and free from any donative intent)." But so to construe the juxtaposition would frustrate the sense of the first sentence in the Regulation and destroy the principle underlying the statutory section being interpreted. The statute was designed to impose an objective standard in lieu of the unsatisfactory common-law test of donative intent, and the exception is intended to exclude only genuine business transactions which may result in a loss to the taxpayer. Like the Supreme Court in Robinette v. Helvering, supra, 318 U.S. at page 188, 63 S.Ct. at page 542, 87 L.Ed.

700, we find it "impossible to conceive of this as even approaching a transaction 'in the ordinary course of business.'" Lasker v. Commissioner of Internal Revenue, 7 Cir., 138 F.2d 989, cited by the Tax Court and relied on by the executor, seems to us impliedly overruled by the Merrill case.[3] In any event, we prefer the reasoning set out above.

The executor's final argument as to the August transfer turns on its ratification by the divorce decree, which is said to bring it within the rule of Commissioner of Internal Revenue v. Converse, 2 Cir., 163 F.2d 131, 174 A.L.R. 199. But in the Converse situation the divorce court had decreed a lump sum payment, in lieu of monthly payments provided by the separation agreement; and the decree created of its own force a judgment debt owed by the taxpayer. In the instant case, however, the payment was made according to the terms of the agreement, before Mrs. Barnard had decided to bring divorce proceedings; and in fact the agreement itself provided that its terms would not be affected by insertion in a separation or divorce decree. In view of its explicit limitation to the case before it as being within the compulsion of Commissioner of Internal Revenue v. Maresi, 2 Cir., 156 F.2d 929, and its express disclaimer of decision on the present point, we think the Converse opinion has been cited beyond its scope in some of the decisions below.

[2] "Sec. 86.8. Transfers for a Consideration in Money or Money's Worth.— Transfers reached by the statute are not confined to those only which, being without a valuable consideration, accord with the common law concept of gifts, but embrace as well sales, exchanges, and other dispositions of property for a consideration in money or money's worth to the extent that the value of the property transferred by the donor exceeds the value of the consideration given therefor. However, a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth. A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift."

[3] Although Lasker v. Commissioner of Internal Revenue, 7 Cir., 138 F.2d 989, was extensively discussed in the two opinions below in Fahs v. Merrill, 5 Cir., 142 F.2d 651, reversing Merrill v. Fahs, D.C.S.D.Fla., 51 F.Supp. 120, and in the opinion below in Wemyss v. Commissioner of Internal Revenue, 6 Cir., 144 F. 2d 78, it was not cited in either opinion in the Supreme Court. The contrast between this seemingly deliberate omission and the express approval of Commissioner of Internal Revenue v. Bristol, supra note 1, which had been disapproved in the Lasker and other cases (except for the majority opinion in Fahs v. Merrill), is striking.

Since we conclude that the August payment was subject to the gift tax, we find it unnecessary to decide whether or not the Tax Court was justified in finding the October payment sufficiently independent of the separation agreement to be taxable by itself. It is taxable either as a separate gift or as a part payment under the agreement taken as a whole.

On the Commissioner's petition, decision reversed for assessment of the entire deficiency. On the taxpayer's petition, decision affirmed.