### KRAUSE v. YOKE.
### Civ. A. No. 190–F.

United States District Court
N. D. West Virginia, Fairmont Division.
Jan. 13, 1950.

William J. Gompers and Joseph A. Gompers, both of Wheeling, W. Va. for plaintiff.

Charles Lee Spillers, U. S. Atty., of Wheeling, W. Va., and Howard Caplan, Asst. U. S. Atty., of Clarksburg, W. Va. and Benjamin H. Pester, Sp. Asst. to Atty. Gen. (Thereon Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., on brief), for defendant.

WATKINS, District Judge.

Plaintiff seeks to recover refund of gift taxes paid by him for the years 1940 and 1941. The question presented is whether outright transfer of certain property by the taxpayer to his wife and of other property in trust to his wife in lieu of dower under agreement between the parties, confirmed by the Circuit Court of Ohio County, West Virginia, on December 14, 1940, in a suit for divorce, are subject to gift taxes, where taxpayer in 1937, in an action for separate maintenance by his wife, created a trust for her benefit to provide support of $3,600 per year which trust was later amended by an Amended Indenture of Trust guaranteeing payments of $400 per month, and an Indenture of Second Trust, was created to make up any deficiencies if the income from both trusts is insufficient to meet the payments.

On December 8, 1936, plaintiff executed an Indenture of Trust for the benefit of his

wife, Lillie May Krause, and transferred to the trust 400 shares of Wheeling Machine Products Company stock. In January, 1937, the trustees purchased 104 more shares of the same stock with funds which had accumulated in the trust. On July 8, 1937, in an action by the wife against plaintiff for separate maintenance and support the Circuit Court of Ohio County, West Virginia, entered a decree providing that plaintiff maintain the home for his wife and permit her to remain in possession and to pay her $3,600 annually for her support and maintenance from January, 1937. He was to pay her $150 cash per month, and if the income from the trust was not sufficient to bring the quarterly payments to $900, plaintiff was to pay her an amount sufficient to bring the total quarterly payments to $900.

On July 23, 1936, plaintiff filed suit for divorce against his wife in Jefferson County, Arkansas, and was granted an absolute divorce on April 6, 1938. On May 27, 1938, he married June U. Carroll. On June 27, 1939, Lillie May Krause filed suit against him for absolute divorce in the circuit Court of Ohio County, West Virginia, in which she alleged that he had fraudulently obtained the divorce in Arkansas and had entered into a void marriage with June U. Carroll, and prayed that such second marriage be rendered void and that she be granted an absolute divorce, and that he be compelled to compensate her for any inchoate right of dower that might be barred by the divorce, and to make provision for support and maintenance of their two children. She did not ask for support and maintenance for herself because this had already been provided by the agreement of Indenture of Trust and by the prior court decree. On September 12, 1940 they both entered into a preliminary agreement for settlement of the pending suit. On December 13, 1940, she was permitted to withdraw her bill of complaint and to file in lieu thereof a bill of complaint executed and verified on December 12, 1940, in which she prayed for divorce and compensation in lieu of dower and all her property rights in the present and future estate of the taxpayer. On December 13, 1940 the Circuit Court of Ohio County, West Virginia, ordered and decreed her a divorce from the bonds of matrimony. The court found that the parties had "consummated a property settlement in full and complete satisfaction of all property and estate rights" and approved and confirmed the property settlement "heretofore made". The final decree entered on December 13, 1940, identified the settlement as consisting of an Amended Indenture of Trust dated December 9, 1940; an Indenture of Second Trust dated December 9, 1940; an assignment to her of 750 shares of the capital stock of Wheeling Machine Products Company, payment to her of $5,000 and a warranty deed to the residence property. The property transferred to the trustees of the Amended Indenture of Trust consisted of 3360 shares of Wheeling Machine Products Company and other stocks. The property transferred by the Indenture of Second Trust consisted of 3,000 shares of Wheeling Machine Products Company.

In his gift tax return for 1940 taxpayer did not report any of the property transferred by the Amended Indenture of Trust, providing for support and maintenance for his wife, but did report the 3,000 shares of stock transferred by the Indenture of Second Trust as being worth $48,900, and also reported the property transferred directly to his wife of 750 shares of Wheeling Machine Products Company of the value of $12,225, the residence worth $5,000, and $5,000 in cash, aggregating $71,125. After taking an exclusion of $4,000 and a specific exemption of $25,000 he computed a gift tax on the balance of $42,125 to be $1,659.38 and the defense tax to be $169.94. These amounts, together with $456.33 for the late filing and interest of $136.90 were assessed and paid June 15, 1942.

The gift tax for 1941 is based upon conveyances to taxpayer's second wife June Carroll Krause of 4,000 shares of stock valued at $65,200 from which the taxpayer took an exclusion of $4,000, reporting $61,200 taxable gifts and a tax of $5,974.56, a defense tax of $597.46 and interest of $98.58.

Upon an audit of the 1940 return, the Commissioner increased the net gifts for

preceding years from zero to $20,000 ($5,-000 gifts to each of four children in 1936) and the specific exemption of $25,000 was reduced to $20,000 by reason of the former gifts. This resulted in a deficiency tax of $1,850.06 for the year 1940. As a result of the adjustments of the gift taxes for 1940 the net gifts to be reported in the 1941 return were increased, so that the gift taxes for 1941 were increased $1,150.19 by the Commissioner. The deficiency of $1,850.-06 for 1940 and $250.67 interest, and the deficiency of $1,150.19 for 1941 and $86.83 interest were assessed and paid on July 14, 1943. The taxpayer filed claims for refund of $4,131.71 for 1940 and $3,483.22 for 1941 on the ground that the transfers were made for full consideration and were not gifts, which claims were disallowed.

If the transfers made in 1940 were not taxable, the taxpayer in 1941 would be entitled to the specific exemption taken in 1940. Whether the deficiency tax of 1941 was properly assessed is dependent upon the correctness of the Commissioner's determination for the year 1940. The property conveyed to the wife under the court order dated July 8, 1937 for her support and maintenance as evidenced by the original Indenture of Trust and the property transferred in 1940 by the Amended Indenture of Trust was not taxed as gifts. Only the property transferred to the wife directly and transferred under the Indenture of Second Trust in 1940 was taxed.

The Collector contends that the property transferred directly to the wife in 1940 and the property transferred under the Indenture of Second Trust in 1940 was a property settlement in lieu of dower and was taxable as a gift. He says that these transfers were made for less than adequate and full consideration in money or money's worth as provided by Section 1002 of the Internal Revenue Code.

The Internal Revenue Code, 26 U.S.C.A. § 1002, relating to gifts provides: "Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter,

be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

The leading cases on what constitutes adequate and full consideration are Merrill v. Fahs, 324 U.S. 308, 65 S.Ct. 655, 89 L.Ed. 963, and Commissioner of Internal Revenue v. Wemyss, 324 U.S. 303, 65 S.Ct. 652, 89 L.Ed. 958, 156 A.L.R. 1002. In the latter case, the gift tax was held applicable to any transfer not made for a "consideration in money or money's worth" irrespective of whether it was an arm's length transaction and irrespective of donative intent, the court citing with approval Commissioner of Internal Revenue v. Bristol, 1 Cir., 121 F.2d 129. Prior to these decisions the Tax Court had applied the measure of donative intent, and refused to recognize the distinction between transfers of property for support and maintenance and transfers in lieu of dower or property rights as contended for by the Commissioner in conformity with E. T. 19, 1946-2 Cum.Bull. 166. In the Merrill and Bristol cases it was pointed out that gift tax statutes were designed to prevent tax avoidance by settlements in advance of death and that they must be read together with the related provisions of the estate tax. Sanford's Estate v. Commissioner of Internal Revenue, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20; Commissioner of Internal Revenue v. Barnard's Estate, 2 Cir., 176 F.2d 233. Let us then look to the history of related provisions of the estate tax.

Prior to 1926 the federal estate tax provided that property transferred would not be included in the decedent's gross estate if the transfer was the result of a bona fide sale for a fair consideration in money or money's worth. Revenue Act of 1924, § 302, 43 Stat. 304, 26 U.S.C.A. Internal Revenue Acts, page 67. In 1926 this statute was amended so as to require "adequate and full consideration", Revenue Act 1926, § 302, 26 U.S.C.A. Int. Revenue acts, page 227, thereby narrowing the class of deductible claims. Taft, Exr., v. Commissioner, 304 U.S. 351, 356, 58 S.Ct. 891, 894, 82 L.Ed. 1393, 116 A.L.R. 346. Prior to 1926 the release of dower and analogous statutory rights had been held fair "consid-

eration" in cases of "bona fide sale". Ferguson, Collector, v. Dickson, 3 Cir., 300 F. 961; McCaughn, Collector, v. Carver, 3 Cir., 19 F.2d 126; Stubblefield v. United States, 79 Ct.Cl. 268, 6 F.Supp. 440. The Fourth Circuit Court of Appeals was the only court to construe the 1926 Act. In Empire Trust Co. et al. v. Commissioner, 4 Cir., 94 F.2d 307, 309, that court held that $50,000 passing to a wife upon death of her husband in pursuance of a contract by which she had agreed to release her right of dower as well as all statutory rights in the remainder of his estate must be included in the decedent's gross estate. The Bristol case refers to this decision as follows [121 F.2d 135]: "The only case in point, therefore, holds that under the estate tax provisions of the Revenue Act of 1926 release of dower cannot be regarded as 'adequate and full consideration in money or money's worth'; in fact, cannot be regarded as consideration at all, for the court allowed no deduction from the gross estate. The phraseology of the gift tax, enacted in 1932, is precisely the same, and it therefore seems a fair assumption that the consideration requisite under the two taxes is identical. Since release of dower does not meet the requirements of the estate tax, it does not meet the standards required by the identical words of the gift tax."

Internal Revenue Code, Section 812(b), 26 U.S.C.A., now provides: "For the purposes of this subchapter, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth.'"

Since relinquishment of marital property rights is not "adequate and full consideration" for estate tax purposes it is not so for gift tax purposes. Commissioner v. Barnard's Estate, supra [176 F.2d 236].

U. S. Treasury Regulation 108, Section 86.8 provides that a transfer by sale may be taxable as a gift to the extent that the value of the property sold exceeds the consideration, and then provides that a transfer "made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent) will be considered as made for an adequate and full consideration in money or money's worth". In the Barnard case, the court discussed this Regulation and the exception intended therein as follows: "The statute was designed to impose an objective standard in lieu of the unsatisfactory common-law test of donative intent, and the exception is intended to exclude only genuine business transactions which may result in a loss to the taxpayer."

In the Bristol case the court said: "However, according to our view of the proper interpretation of the phrase 'adequate and full consideration in money or money's worth', release of dower and analogous rights cannot be regarded as consideration for purposes of the gift tax."

To hold otherwise would frustrate the purpose of the gift tax in its chief role as protector of the estate and income taxes. To hold that the release of dower by the taxpayer's wife during his life constitutes consideration for any transfer by him to her would permit an untaxed transfer by gift of property which would normally be subject to the estate tax upon his death. Section 1000 of the Internal Revenue Code, 26 U.S.C.A. § 1000, makes the gift tax applicable "whether the transfer is in trust or otherwise, whether the gift is direct or indirect, * * *".

Here the consideration for the transfer of the cash and other property directly to the wife in December, 1940, and the Indenture of Second Trust created for her at the same time was the release of her "inchoate right of dower and all her property rights in and to the present and future estate of said E. W. Krause," as prayed for in the complaint filed in court December 13, 1940. Support and maintenance were provided for by the original Indenture of Trust, by the court order of July 8, 1937 and by the subsequent amendment to that trust. This amended trust was to terminate upon the death of either Ernest W. Krause or Lillie Mae Krause, whichever shall live the longer. The Indenture of Second Trust was to terminate upon

his death and the corpus was to be paid to her with all accumulations of income. Since support and maintenance had been provided for her by the Indenture of Trust executed in 1936 and by the court order in 1937, she did not ask for support and maintenance in her divorce suit started in 1939 but did pray that the taxpayer be compelled to compensate her for "any inchoate right of dower, that might be barred by such a divorce". It appears that the income from the first trust was sufficient to provide for payments of $400 per month. The Wheeling Machine Products common stock in 1937 and thereafter, paid dividends of thirty to fifty cents per share per quarter. The income from the 3360 shares of this stock alone amounted to $400 per month and there was other stock in the trust. Since the consideration for the other property transfers in 1940, was to compensate her for her inchoate right of dower, the transfers were taxable as gifts within the meaning of the statute.

Plaintiff contends that the court decree of December 13, 1940, is erroneous wherein it recites that at the time the decree was signed the parties had already consummated the property settlement and had executed and delivered the property thereunder. He has offered evidence to show that the agreement was not consummated or delivered, and the property was not transferred until after the entry of the court decree. If this evidence is admissible, he says that it will establish that the transfers were made to discharge a valid judgment, and since the transfers were made under compulsion of a court decree, the Supreme Court decisions in Merrill and Wemyss cases and the authorities cited above are not controlling, and is brought within the rule of Commissioner of Internal Revenue v. Converse, 2 Cir., 163 F.2d 131, 174 A.L.R. 199; Commissioner of Internal Revenue v. State Street Trust Co., 128 F.2d 618, 142 A.L.R. 943; Yoke v. Fleming, 4 Cir., 145 F.2d 472; Commissioner of Internal Revenue v. Swink, 4 Cir., 155 F.2d 723. I am unable to agree with this contention.

In the first place, I think the defendant's motion to exclude that portion of oral evidence offered by plaintiff which is offered to contradict the express terms of the court decree should be sustained. This decree is the best evidence as to what occurred in court. The decree provides: "Said E. W. Krause has executed and delivered unto the Trustees named therein and to Lillie Mae Krause a certain trust agreement * * * a true and executed copy of which said 'Indenture of Second Trust' was disclosed to and examined by the court." At other places it recited that the cash, real estate and the stock had been transferred or delivered to the wife. The Second Indenture of Trust was dated December 9, 1940. Parol evidence is not admissible to explain, modify or contradict the terms of a written instrument where upon its face there is no ambiguity. The rule applies particularly to court orders. Northern Assurance Co. of London v. Grand View Building Ass'n, 183 U.S. 308, 22 S.Ct. 133, 46 L.Ed. 213; Blue Mountain Iron and Steel Co. v. Partner, 4 Cir., 131 F. 57, 60. It is also significant that this decree was included in a stipulation as to facts signed by both parties. That stipulation provides that additional evidence may be offered which is not inconsistent with the facts stipulated.

Even though evidence be admitted to show that the agreements were executed and delivered and the property transferred after the decree was entered, I am of the opinion that this case does not come within the rule laid down in the Converse, Yoke and other cases cited above. The mere fact that an agreement for settlement of dower is ratified by a divorce court does not bring the case within the rule. Commissioner of Internal Revenue v. Barnard's Estate, supra. In the Converse case the decree ordered the defendant to pay his wife $625,000 in thirty days. It adopted the agreement and ordered both parties to comply with the terms and conditions of the agreement. In the instant case the decree did not command the plaintiff to pay any sum of money, or to comply with the terms of the agreement. This was unnecessary because the decree recited that the agreement had been executed, delivered and consummated, and the

property had been transferred thereunder. The decree merely recited compliance with the terms of the agreement. There was no order creating a debt against respondent. No evidence was taken to determine the amount of the money judgment as in the Converse case, where the court said [163 F.2d 133]: "The underlying reason for taxing as gifts transfers made only in consideration for the release of marital rights in accordance with antenuptial agreements, as shown by the Wemyss and Merrill cases, is that the estate and gift tax statutes are in pari materia. Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S. Ct. 51, 84 L.Ed. 20. Where, as here, there was the discharge of a money judgment, which, had it remained unpaid until it became a debt against the respondent's estate, would have been allowed as a deductible claim in computing an estate tax, the transfer which discharged that debt during the respondent's life is not taxable as a gift."

Despite this plain langauge, and the express disclaimer of decision where there was nothing more than ratification of the agreement and no command or order creating a debt, "the Converse opinion has been cited beyond its scope * * *". Commissioner of Internal Revenue v. Barnard, supra.

In the Barnard case the agreement provided that the wife pay her husband $50,000 for his interest in her property and that such agreement be incorporated in any decree for separation and divorce. The money was paid and the agreement was "ratified, adopted and approved in all respects, and with the same force and effect as if said agreement were annexed hereto and set out in haec verba as a part hereof; and said agreement is hereby declared to be fair, just and equitable to the plaintiff, to the defendant, and to the said minor children." In the instant case the agreement was not adopted or incorporated in the decree of divorce but otherwise the language is practically the same as in the Barnard case, where the court held the entire transfer to be taxable as a gift. It distinguished the Converse case where the court said "the decree created of its own force a judgment debt owned by the taxpayer."

Another recent case is Hooker v. Commissioner, 5 Cir., 174 F.2d 863. There the separation agreement, adopted into the divorce decree, contained a provision to the effect that petitioner would put in trust for two children one-third of all amounts received from his mother in his lifetime. Petitioner failed to do this, was sued and ordered by a Connecticut court to make the payment. It was contended that the payment was made under compulsion of the court decree. In holding a gift tax properly assessed the court said [174 F.2d 865]:

"The divorce court had jurisdiction to fix a proper alimony for the wife and support for the children. It did not do so directly and independently but 'ratified, adopted and approved in all respects' the agreement of Aug. 26, 1935, made between petitioner and his wife, of which the children were also beneficiaries as 'fair, just and equitable to the plaintiff, the defendant and the minor children'. * * * The trusts extend not only to the use of the income during the minority of the children for their support, but also to the devolution of the corpus after their deaths, to spouses, children or in default of these to their mother * * *".

"She had contingent interests in the trusts for the son and daughter on their death without spouse or children, but these are no part of her alimony settlement."

"The surrender by Mrs. Hooker of her possible dower or other marital rights in Mr. Hooker's estate cannot be considered in this connection a full and adequate consideration in money or money's worth. * * * nor, if considered, is there any evidence of what they were worth. The Commissioner has rightly held that in the transfer in 1943 Mr. Hooker discharged no alimony obligation to his former wife, because she had been fully settled with in 1935."

In the Merrill case the court stated [324 U.S. 308, 65 S.Ct. 657]: "The Committees of Congress reported that if the value of the relinquished marital interests 'may, in

98

whole or in part, constitute a consideration for an otherwise taxable transfer * * * the effect produced amounts to a subversion of the legislative intent.' "

The terms of the divorce decree must be accepted. No mistake or ambiguity is claimed by plaintiff. Instead the plaintiff has joined with defendant in stipulating as to the facts, and the divorce decree is included in that stipulation. The decree sets forth that the trusts had been consummated and delivered, and that the property had been transferred thereunder, and that plaintiff had already transferred the cash and other assets directly to his wife. The decree did not order plaintiff to make any conveyances, but only recited that they had already been made. The divorce court merely approved the settlement already made, and therefore the transfers made in carrying out the agreement of the Indenture of Second Trust were made pursuant to that agreement and not pursuant to a divorce decree. This would be true even though the transfers were made subsequent to the entry of the decree because the plaintiff was not ordered or directed to make any transfers. Since the court did not make an order directing compliance with the agreements, it cannot be said that the taxed transfers were made pursuant to the court's decree. The gift taxes were properly assessed. Judgment for the defendant with his costs.